IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

MENACHEM PRI-HAR,
      Petitioner

- VS -

JANET RENO, Attorney General
CHARLES W. ZEMSKI,
Acting District Director,

      Respondents.

DOCKET NO. 1:00 CV 1635

Caldwell

FILED
WILLIAMSPORT, PA

SEP 1 4 2000

MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS

This Petitition pursuant to 28 U.S.C. §2241 for a writ of habeas corpus is brought to challenge a final administrative removal order issued by the Respondents, Attorney General Janet Reno, through her delegate, Acting District Director Charles W. Zemski, to remove the Petitioner, Menachem Pri-Har, to Israel. For the reasons stated below, this removal order should be vacated.

### JURISDICTION

The Third Circuit held in Sandoval v. Reno, 166 F. 3d 225 (3rd Cir. 1999), that federal courts have jurisdiction to grant writs of habeas corpus to an alien, who is deprived of substantial rights or who had raised constitutional claim. Id. at 238. Sandoval holding expanded to aliens with a criminal conviction. See Liang v. INS, 206 F. 3d 308, 317 (3rd Cir. 2000). Therefore, this Court has jurisdiction over Petitioner's claim concerning Respondents' retroactive application of statutory change.

## ISSUES PRESENTED

(1) Whether application of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which was enacted on April 1, 1997, and restricted discretionary waiver under the Immigration and Nationality Act ("INA") §212(c) or (h) to Petitioner, would be impermissible retroactively because the criminal conduct upon which the order of removal is based took place prior to the statutory changes.

(2) Whether the IIRIRA §304(b) applies to deportation proceedings pending on the date of the statute's enactment.

## STATEMENT OF FACTS

The relevant facts to this Petition are:

Petitioner is a native and citizen of Israel. Since late 1983 he has been lawfully admitted to the United States and had conducted business in the exporting and importing of agricultural products. On April 21, 1992, Petitioner's son, Dror Breest Pri-Har, was born as a United States citizen and he has been a resident here since then.

On March 29, 1993, Petitioner was arrested by the Federal Bureau of Investigation on charges concerning violations of 15 U.S.C. §714m(a); 18 U.S.C. §§2, 371, 1343 and 1344. See Pri-Har v. U.S., 83 F. Supp. 2d 393, 395-96 (S.D.N.Y. 2000). On January 10, 1994, a jury panel found Petitioner guilty as charged, and thereafter he was sentenced to

14 years of imprisonment. 83 F. Supp. 2d at 396. This conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit on January 3, 1995[1]. Id. at 396.

On August 1, 1994, the United States Immigration and Naturalization Service (hereinafter "INS") issued a detainer against Petitioner indicating that "[i]nvestigation has been initiated to determine whether [he] is subject to deportation from the United States." (The Detainer is attached herein as Exhibit "1").

On April 30 and July 3, 1995 Petitioner requested, by letters, a decision on this investigation, but the INS did not respond. (The letters of April 30 and July 3, 1995 are attached herein as Exhibit "2"). Only on May 8, 2000 did the INS determine that Petitioner's conviction of an "aggravated felony" subjected him to "expedited administrative removal proceedings." The INS decision was based on the amended 8 U.S.C. §1227(a)(2)(A)(iii), INA 237(a)(2)(A)(iii). (The INS notice is attached herein as Exhibit "3").

On August 17, 2000, Respondents issued "Final Administrative Removal Order under Section 238(b) of the Immigration and Nationality Act", relying on Petitioner's criminal conviction and on his lack of permanent residence in the United States. In this Order,

---

1. Petitioner's conviction and sentence is currently under review by the Second Circuit after it was attacked pursuant to Rule 33 of the Fed. R. Crim. P. and 28 U.S.C. §2255 in Docket No. 00-2134.

-- 3 --

Respondents procedurally denied Petitioner's request to apply for a discretionary waiver of deportation pursuant to INA 212(c) or (h). According to Respondents, Section 304(b) of the IIRIRA precludes the desired relief because the removal proceeding against Petitioner initiated on May 11, 2000. (The Final Administrative Removal Order is attached herein as Exhibit "4").

## WHY THIS PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE GRANTED

I.  §304(b) OF THE IIRIRA DOES NOT APPLY TO PETITIONER'S CASE BECAUSE HIS REMOVAL PROCEEDING WAS "PENDING" AT THE TIME THE IIRIRA WAS ENACTED.

The Third Circuit has held that "Congress did indeed express an intent that the [Antiterrorism and Effective Death Penalty Act's ("AEDPA")] amendment to INA §212(c) should not apply to cases pending on the date of enactment". Sandoval, 166 F.3d at 242; Pena-Rosario v. Reno, 83 F. Supp. 2d 349, 362 (E.D.N.Y. 2000) (Case "pending" at the enactment of IIRIRA was not affected by the amendment).

On August 1, 1994, the INS launched a detainer against the Petitioner indicating that "[i]nvestigation has been initiated to determine whether [he] is subject to deportation from the United States." (See Ex. 1). On April 30, and also on July 3, 1995, Petitioner urged the INS to determine whether he is subject to deportation from the

-- 4 --

United States. (See Ex. 2). It took the INS six full years to "investigate" and "determine" that Petitioner is subject to removal from the United States based on new intervening §304(b) of the IIRIRA, enacted on April 1, 1997, excluding discretionary waiver of deportation pursuant to INA §212(c) or (h). (See Ex. 4).

The central issue here for this Court, therefore, is whether Petitioner's deportation case was "pending" upon the enactment of Section 304(b) of the IIRIRA. Because Petitioner's case was pending since August 1, 1994, as evidenced by the detainer (Ex. 1), his case was pending at the enactment of the IIRIRA on April 1, 1997, and consequently not subject to this amendment. See Sandoval, 166 F. 3d at 239-42 (holding that the amendment does not apply retroactively to cases pending on the date of the amendment's enactment). [handwritten margin note: but depends on stat. language]

Had the INS prosecuted its case against Petitioner in a timely fashion, he would have remained eligible, under Sandoval, to apply for §212(c) or (h) relief. To reward the INS for its undue delay of six full years in investigating and determining Petitioner's removal status and then to allow them to apply retroactively §304(b) of the IIRIRA to exclude Petitioner's discretionary waiver of deportation under 212(c) or (h), would take away from him a form of relief that, although discretionary, is plainly substantive, and so implicates presumption against retroactivity. See Landgraf v. USI Film Prods., 511 U.S. 244, 269 (1994) (A statute will not be said to have a retroactive effect "merely because it applies in a case arising

-- 5 --

from conduct antedating the statute's enactment" or because it "upsets expectations based in prior law.")

Enforcing Section 304(b) of the IIRIRA to bar Petitioner's discretionary waivers of INA's §212(c) or (h) would have retroactive effect, precluded by the traditional presumption against retroactivity.

II.  **APPLYING THE IIRIRA TO AN ALIEN WHOSE CRIMINAL CONDUCT PREDATED THIS STATUTE'S ENACTMENT HAS RETROACTIVE EFFECT, AND IS, THEREFORE, IMPERMISSIBLE.**

Respondents applied the IIRIRA enactment of April 1, 1997, to Petitioner's criminal conviction on January 10, 1994, to preclude discretionary waiver under §212(c) or (h) and to issue the Administrative Removal Order[2]. (See Ex. 4).

The Supreme Court has stated that a "statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." Landgraf, 511 U.S. at 257.

---

2. The Removal Order also determined that Petitioner is not "a lawful permanent resident of the United States." (See Ex. 4). Not having permanent residence does not affect the lawfulness of Petitioner's residence, who was admitted lawfully to the United States since 1983 on a special business visa. Furthermore, relief under §212(h) is not contingent only upon "permanent residence" of the United States. See Catney v. I.N.S., 178 F. 3d. 190, 193 (3rd Cir. 1999) (Section 212(h) is available "for those persons subject to deportation due to commission of certain crime if the alien is...parent...of a citizen of the United States.") (citing Section 212((h)).

-- 6 --

Applying the <u>Landgraf</u> test to the AEDPA and IIRIRA to see "whether the new provisions attach new legal consequences to events completed before its enactment", 511 U.S. at 269-70, at least three federal courts concluded that "the statute be read so as not to reach conduct pre-dating its enactment." <u>Maria v. McElroy</u>, 68 F. Supp. 2d 206, 230 (E.D.N.Y. 1999); <u>Dunbar v. I.N.S.</u>, 64 F. Supp. 2d 47, 53 (D. Conn. 1999) (The law of "deportation proceedings governed by the laws that were in effect at the time [the aliens] committed their crimes."); <u>Pena-Rosario</u>, 83 F. Supp. 2d at 365-66 (Neither the AEDPA nor IIRIRA bars discretionary waivers applying to criminal conduct predating those statutes' enactment).

Petitioner has the right to apply for a §212(c) or (h) waiver because that was the law governing deportation proceedings at the time he committed his purported crimes. Section 212(c) or (h) entitled him to have the opportunity to be heard and to present his case in accordance with the I.N.S.' factors, and Respondents' application of IIRIRA's §304(b) to disable him from doing so would establish new automatic legal consequences that have been attached to events completed before the statutory enactment.

**WHEREFORE,** Petitioner respectfully requests that Respondents' Final Administrative Removal Order be dismissed and that he be allowed to pursue discretionary waivers pursuant to pre-AEDPA and IIRIRA §212(c) or (h).

I declare, under penalty of perjury, pursuant to 28 U.S.C. §1746, that all of the foregoing is to my knowledge true and correct.

Dated: White Deer, Pennsylvania
September 7, 2000

Respectfully Submitted,

_____
Menachem Pri-Har
#34446-054
L.S.C.I. Allenwood
P.O. Box 1000
White Deer, PA 17887

-- 8 --