IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,                    :
     Petitioner

                               :

       vs.                           :    CIVIL ACTION NO. 1:CV-00-1635

JANET RENO, Attorney General        :
of the United States,
CHARLES W. ZEMSKI,                   :
Acting District Director,
        Respondents              :

**FILED**
HARRISBURG, PA

JUN 05 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

M E M O R A N D U M

I.    Introduction.

        Petitioner, Menace Pri-Har, a citizen of Israel, has

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, challenging a final order of removal the INS obtained

against him based on his fraud conviction in federal court.  The

petition asserts that the agency should have considered his

request for a waiver of deportation under now-repealed INA §

212(c).  It also requests agency consideration of waiver of

deportation under INA § 212(h).[1]

        Pri-Har recognizes that section 212(c) is no longer good

law, having been repealed in 1996 by "IIRIRA,"[2] but argues that



    [1]We have subject-matter jurisdiction over this habeas corpus
petition.  See Xu Cheng Liang v. INS, 206 F.3d 308, 317, 321 (3d
Cir. 2000).

    [2]The Illegal Immigration Reform and Immigrant Responsibility
Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

AO 72A
(Rev.8/82)

the section still applies to him because removal proceedings were
pending against him before IIRIRA by virtue of an INS detainer
lodged against him in 1994.  Alternatively, he argues that
application of IIRIRA to him is impermissibly retroactive because
his criminal conduct occurred before the effective date of the
statute.  For the reasons which follow, we will deny the petition.

II.   Background.

Pri-Har lawfully entered the United States in March
1993.  According to Respondent, he did so as a "nonimmigrant."
According to Petitioner, he entered by way of "a special business
visa," and has been coming to the United States since 1983.
(Petition at p. 6 n.2).  He has never been a permanent resident
alien.

In October 1993, he was indicted in the United States
District Court for the Southern District of New York on twenty-
four counts of defrauding the United States Department of
Agriculture.  A jury found him guilty on all counts and he was
sentenced to 168 months (fourteen years) imprisonment.

On August 1, 1994, the INS issued a detainer against the
Petitioner.  (Pet'r Ex. 1).  The detainer notified the Bureau of
Prisons, specifically the warden at FCI-Oakdale, Louisiana, where
Pri-Har happened to be serving his federal sentence at the time,
that the INS had begun an "[i]nvestigation . . . to determine
whether this inmate is subject to deportation from the United

2

States."  The detainer also stated that it was "for notification purposes only" and was not to affect Petitioner's treatment in prison such as classification or work assignments.  It requested that he be "immediately transferred to FCI, Oakdale, Louisiana, when he is designated to OAK INS."

On April 30, 1995, then incarcerated at FCI-Loretto, Loretto, Pennsylvania, Pri-Har wrote the INS, "demanding an immediate hearing in order to determine whether I am subject to deportation from the United States."  The letter mentioned the Attorney General's duty under 8 U.S.C. § 1252(i)(repealed) to begin deportation proceedings as expeditiously as possible for an alien convicted of a deportable offense.  It also complained that the detainer had affected his classification, making him ineligible for minimum security institutions.

On July 3, 1995, he wrote again.  The INS apparently did not respond.

At the time of Pri-Har's conviction and when the detainer was on file, section 212(c) gave the Attorney General discretion to waive exclusion for certain lawfully admitted aliens who had traveled outside the United States and sought re-entry.[3]

_____

[3]In pertinent part, Section 212(c) provided:
Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . . The first sentence of this subsection shall not apply to an alien who has been convicted of

3

Although the statutory language referred only to excludable aliens, section 212(c) had also been applied to deportable aliens.[4]  See DeSousa v. Reno, 190 F.3d 175, 178-79 (3d Cir. 1999) (citing in part, Katsis v. INS, 997 F.2d 1067, 1070 (3d Cir. 1993)).

On April 27, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  Section 440(d) of the AEDPA amended section 212(c) so that a deportable alien convicted of an aggravated felony or of two crimes of moral turpitude could not obtain a section 212(c) waiver, regardless of the prison sentence served.  See DeSousa, supra, 190 F.3d at 179.[5]

---

one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (repealed 1996).

[4]An "excludable" alien was so named because an alien attempting to enter the country was subject under the immigration laws to an exclusion hearing.  A "deportable" alien was an alien already in the country and subject to a deportation hearing.  See Catney v. INS, 178 F.3d 190, 193 n.4 (3d Cir. 1999).  IIRIRA eliminated the distinction between the two hearings and replaced them with a single proceeding – removal.  Id.

[5]With the section 440(d) amendment, the last sentence of section 212(c) read, in pertinent part, as follows:

This subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i).

4

After this amendment, IIRIRA § 304(b) repealed section 212(c) in its entirety, effective April 1, 1997, precluding discretionary waiver.  In its place, 8 U.S.C. § 1229b, INA § 240A, now provides for cancellation of removal by the Attorney General, authorizing him to cancel removal for one who has been a permanent resident for five years, lived continuously in the United States for seven years, and who has not been convicted of an aggravated felony.

The IIRIRA also amended section 212(h).  Section 212(h), in pertinent part, allows the Attorney General to grant a waiver of removal where the "immigrant . . . is the spouse, parent, son, or daughter of a citizen of the United States . . . [and] the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien[.]"  8 U.S.C. § 1182(h)(1)(B), INA § 212(h).  IIRIRA section 348(a) amended section 212(h) by adding the following language:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

AO 72A
(Rev.8/82)

8 U.S.C. § 1182(h), INA § 212(h).

About four years after these amendments, on May 5, 2000, the INS wrote Pri-Har a letter stating that it had determined he should be removed from the United States but that removal would not occur until after he had completed his federal sentence.

A few days later, on May 8, 2000, the INS sent the Petitioner a "Notice of Intent" to issue a final administrative order of removal on the ground that his federal fraud conviction was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii) as defined in 8 U.S.C. § 1101(a)(43)(M) and (U), INA § 101(a)(43)(M) and (U).  (Pet'r Ex. 3).  The Notice was served on May 11, 2000.  On August 10, 2000, the acting district director, as the deciding service officer, issued the removal order based on this ground.[6]  (Pet'r Ex. 4).

In so doing, the INS official rejected Petitioner's request to pursue a section 212(c) waiver of deportation because section 212(c) had been repealed effective April 1, 1997, and his removal proceedings had not commenced until May 11, 2000, the date he was served with the Notice of intent to remove.

---

[6]The INS used the removal procedures authorized by 8 U.S.C. § 1228(b), INA § 238(b), because Pri-Har was not a permanent resident.

6

III.   Discussion

   A.   Petitioner Is Not Eligible For a Section
        212(c) Waiver Because the Detainer Did
        Not Commence the INS Case Against Him.

        Petitioner maintains that the detainer the INS lodged
against him on August 1, 1994, commenced the INS proceedings
against him.  He thus argues that he is eligible for a section
212(c) waiver because his case was pending before IIRIRA section
304(b) repealed section 212(c).  He cites in support Sandoval v.
Reno, 166 F.3d 225 (3d Cir. 1999), where the Third Circuit held
that AEDPA section 404(d)'s amendment of section 212(c) did not
apply to pending INS proceedings, thereby allowing the alien in
that case (whose case had started before the amendment) to seek a
section 212(c) waiver.

        In opposition, the Respondents argue that the detainer
did not commence proceedings against Pri-Har.  The proceedings
commenced only on May 8, 2000, when the Notice of Intent to issue
a final administrative removal order was issued.  Since this
occurred after IIRIRA section 304(b) repealed section 212(c), the
Petitioner cannot seek a section 212(c) waiver.

        In support of his position, Petitioner makes several
arguments.  First, because the INS controls the deportation
process, "the pendency question should be construed in favor of
the potential deportee and against the INS."  Bury v. Reno, 101 F.
Supp. 2d 296, 300 (E.D. Pa. 2000).  Second, Petitioner relies on
an INS regulation which provides:

                              7

> A detainer serves to advise another law
> enforcement agency that the Service seeks
> custody of an alien presently in the custody
> of that agency, for the purpose of arresting
> and removing the alien.  The detainer is a
> request that such agency advise the Service,
> prior to release of the alien, in order for
> the Service to arrange to assume custody, in
> situations when gaining immediate physical
> custody is either impracticable or impossible.

8 C.F.R. § 287.7.  Petitioner concludes from this regulation that

the detainer's purpose was to remove him from the United States

and hence started the INS proceedings.  Third, Pri-Har argues that

the detainer itself supports his position by stating that he

should be "immediately transferred to FCI, Oakdale, Louisiana when

he is designated to OAK INS."  In his view, this establishes that

the INS at that time had decided to deport him.  Finally, he

argues that an alien subject to removal would have perceived the

detainer as starting the removal proceedings.

    In support of their position, the Respondents argue as

follows.  First, an INS regulation specifically provides when

removal proceedings commence.  Under 8 C.F.R. § 239.1(a), they

commence not with the lodging of a detainer at the prison where

the immigrant is incarcerated but with "the filing of a notice to

appear with the Immigration Court."  Respondents argue that we

must defer to this regulation under Chevron U.S.A., Inc. v.

Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct.

2778, 81 L.Ed.2d 694 (1984), although they concede that courts

have not always been receptive to deferring to the INS's

8

administrative expertise on this issue, citing <u>Sciglitano v. Holmes</u>, 2000 WL 675696 (E.D. Pa.).

   Second, Respondents argue that the detainer only had the effect of notifying the prison that the INS was investigating Pri-Har's removability; indeed, the detainer said as much. In their view, it "did not give the INS authority to arrest him, and did not subject him to INS authority." (Opposing brief at p. 10).

   <u>Sandoval</u> does not assist us on this issue; it did not discuss when INS proceedings commenced. As Respondents point out, however, other cases have addressed the issue of when an INS removal proceeding commences in circumstances similar to the instant one -- where after passage of the AEDPA, the INS is attempting to remove an alien who has committed an aggravated felony and the alien seeks a section 212(c) waiver, claiming that the proceedings had started before the AEDPA's passage. All of these cases have refused to rely on INS regulations specifying when a proceeding commences. Most of them have preferred instead to look to the reasonable reliance or settled expectation of the alien as to when the proceedings commenced, <u>see</u> <u>Wallace v. Reno</u>, 194 F.3d 279 (1st Cir. 1999); <u>Sciglitano v. Holmes</u>, 2000 WL 675696 (E.D. Pa.), or to the authority an order to show cause (the predecessor of the notice of intent) conferred to arrest an alien, <u>Canela v. United States Dep't of Justice</u>, 64 F. Supp. 2d 456 (E.D. Pa. 1999); <u>Mercado-Amador v. Reno</u>, 47 F. Supp. 2d 1219, 1224 (D. Or. 1999), or both. <u>See</u> <u>Bury v. Reno</u>, 101 F. Supp.2d 296, 300

9

(E.D. Pa. 2000).  Under these standards, the courts have decided that the INS's service of a order to show cause commenced the proceedings so that the service of such an order on the alien before passage of the AEDPA entitled the alien to seek a section 212(c) waiver.

The difficulty for Pri-Har is that in all of these cases the INS had issued an order to show cause before passage of the AEDPA.  In his case, on the other hand, the INS had only issued a detainer before then, and he was not served with another INS document until the issuance of the Notice of Intent on May 8, 2000, after enactment of the AEDPA and the effective date of the IIRIRA.

We have located only one case that dealt with a detainer, <u>Alanis-Bustamante v. Reno</u>, 201 F.3d 1303, 1310 (11th Cir. 2000).  However, there the INS had also served an order to show cause and the court decided that together the detainer and the order had commenced proceedings before the AEDPA.  It found it unnecessary to decide if the order alone would have had that effect.

After review of the parties' arguments, we agree with the Respondents that the detainer is not sufficient by itself to establish that removal or deportation proceedings had commenced at the time it was filed.  We do not believe that Pri-Har could have reasonably relied on the detainer alone to expect that INS proceedings had commenced against him.  In connection with any

10

potential proceedings, the detainer merely informed the prison that the INS was investigating Pri-Har to see if he would be deported.  An investigation does not commence proceedings, and we reject Petitioner's position that the detainer revealed the INS's intent to remove him from the United States.  The detainer's language can be contrasted with the Notice of Intent which informed Pri-Har that the INS had indeed determined that he was removable as an aggravated felon, that it was going to remove him from the United States and that he was being given an opportunity to respond.

We acknowledge that this detainer did more than just notify the prison that an investigation had started.  It also directed prison officials to send Pri-Har to INS custody at the end of his federal sentence.  This may have placed him in INS custody for the purpose of filing a habeas petition, see Roldan v. Racette, 984 F.2d 85, 88 (2d Cir. 1993), but it has no bearing on the separate issue of when INS proceedings commenced.[7]  We therefore conclude that section 212(c) waiver is unavailable to Petitioner.[8]

_____

[7]Sometimes, an INS detainer will simply ask that the prison notify the agency a reasonable period of time before the alien's release from his sentence so the INS can take custody.  Id.  See also Garcia v. Taylor, 40 F.3d 299 (9th Cir. 1994), cited by Respondents.

[8]Petitioner has also argued that the INS should not have delayed his removal proceedings until he became ineligible for relief under the old law.  We reject this contention because the INS has the discretion to decide when it will institute

11

B.  <u>Retroactivity of IIRIRA Sections 304(b)</u>
    <u>and 348(a) as Applied to Petitioner</u>.

Petitioner argues that IIRIRA sections 304(b) and 348(a)
are impermissibly retroactive as applied to him because his
conviction preceded IIRIRA.  As noted, section 304(b) repealed
section 212(c) in its entirety, and section 348(a) amended section
212(h).

In <u>Steele v. Blackman</u>, 236 F.3d 130 (3d Cir. 2001), the
Third Circuit rejected Petitioner's retroactivity argument as it
related to IIRIRA's repeal of section 212(c) for an immigrant
covered by the so-called permanent rules.[9]  It relied on its
decision in <u>DeSousa</u>, <u>supra</u>, 190 F.3d at 187, which held that
AEDPA's amendment of section 212(c) was not impermissibly
retroactive.  The <u>Steele</u> court did not find this fact
distinguishable, stating that IIRIRA was motivated by the same
congressional concerns as AEDPA, and therefore, Steele was not
eligible for a section 212(c) waiver.  <u>Steele</u>, 236 F.3d at 134.

Pri-Har's situation is indistinguishable from Steele's.
As with Steele, Pri-Har's conviction leading to removal

_____

proceedings against an alien.  <u>See</u> <u>Sousa v. Reno</u>, 135 F. Supp. 2d
75, 86 (D. Mass. 2001)(citing <u>Costa v. INS</u>, 233 F.3d 31 (1st Cir.
2000)).  <u>See also</u> <u>Pinho v. INS</u>, ___ F.3d ___, 2001 WL 487907, at
*4-5 (3d Cir. 2001).

[9]The permanent rules, INS rules governing removal of an
alien, cover aliens placed in removal proceedings after April 1,
1997, IIRIRA's effective date.  <u>See</u> <u>Sandoval</u>, <u>supra</u>, 166 F.3d at
229.

AO 72A
(Rev.8/82)

proceedings occurred before the 1996 amendments, the removal
proceedings commenced after the passage of IIRIRA, and the
permanent rules of IIRIRA are applicable.   Thus, <u>DeSousa</u> and
<u>Steele</u> are controlling, and IIRIRA's repeal of section 212(c) is
not impermissibly retroactive as applied to Pri-Har.

        We note, in any event, it does not appear that Pri-Har
could invoke now-repealed section 212(c).  As the section read at
the time of its repeal, an alien serving a sentence of more than
five years was not eligible for relief.  Pri-Har's sentence was
fourteen years.

        C.   <u>Section 212(h) and Retroactivity</u>.

        Petitioner's next argument is that the amendment to
8 U.S.C. § 1182(h), INA § 212(h), by IIRIRA § 348(a) is
impermissibly retroactive as applied to him.  Taking the view that
section 348(a) amended section 212(h) to preclude discretionary
relief for "aggravated felons like Pri-har," (response at pp. 5
and 7), Respondents argue that the amendment is not impermissibly
retroactive as to Pri-Har because section 348(b) specifically
provides that "the amendment made by subsection (a) shall be
effective on the date of the enactment of this Act and shall apply
in the case of any alien who is in exclusion or deportation
proceedings as of such date unless a final administrative order in
such proceedings has been entered as of such date."  IIRIRA §
348(b), 110 Stat. at 3009-639.

                                  13

At the outset, the argument over retroactivity does not appear to be relevant to Pri-Har because he was never a permanent resident alien. Contrary to Respondents' position that it applies to any alien who has committed an aggravated felony, IIRIRA section 348(a)'s amendment to section 212(h) applies only to aliens who were "previously . . . admitted to the United States as an alien lawfully admitted." See also Catney v. INS, 178 F.3d 193 (3d Cir. 1999)("As a PRA [permanent resident alien] who has committed an aggravated felony since his lawful admission to this country, Catney is covered by the [amendment] and is ineligible for relief by the terms of section 212(h)."); Moore v. Ashcroft, ___ F.3d ___, ___, 2001 WL 505732, at *4 (11th Cir. 2001)("under the plain language of the [amendment] a lawful permanent resident convicted of an aggravated felony cannot obtain discretionary relief . . . while an alien who enters this country illegally and then commits an aggravated felony would at least theoretically be eligible for the relief"). Thus, the amendment should not be a bar to Pri-Har's request for relief under section 212(h) and to the extent the INS denied relief based on the amendment, we will require it to consider Pri-Har's request for a section 212(h) waiver.[10]

_____

[10]We note here that while Pri-Har's petition claims that the INS denied relief under section 212(h), there is no mention in the record of such a request or its denial; the deciding service officer dealt only with the request for a section 212(c) waiver. However, since Respondents accept Petitioner's averment that a section 212(h) waiver was sought and denied, we will also.

As to the retroactivity argument itself, it has no merit.  In assessing the retroactivity of a statute, we first look to whether Congress has stated its intention as to the statute's "temporal reach."  <u>DeSousa</u>, <u>supra</u>, 190 F.3d at 186 (citing <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 114 S. Ct. 1483, 128 L.Ed.2d 229 (1994)).  If so, then we simply enforce the statute in accord with Congress's intent.  <u>Id.</u>  Here, we have an unequivocal statement of Congress's intent.  As noted, the amendment itself provides that it will apply to cases pending on its enactment.  Thus, IIRIRA section 348(a) is not impermissibly retroactive.  <u>Id.</u>; <u>Catney</u>, <u>supra</u>, 178 F.3d at 193 n.5 (noting that section 348(a) clearly applies to pending cases by virtue of section 348(b)); <u>Pinho v. INS</u>, ___ F.3d ___, 2001 WL 487907 (3d Cir. 2001).  Thus, Pri-Har's retroactivity argument has no merit.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date:  June 5, 2001

15

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,                    :
        Petitioner

                                     :

        vs.                          :    CIVIL ACTION NO. 1:CV-00-1635

JANET RENO, Attorney General         :
of the United States,
CHARLES W. ZEMSKI,                   :         **FILED**
Acting District Director,                    HARRISBURG, PA
        Respondents                  :
                                              JUN 05 2001

                                     MARY E. D'ANDREA, CLERK
                                     Per_____
                 O R D E R                    Deputy Clerk


        AND NOW, this 5th day of June, 2001, upon consideration

of the habeas corpus petition, filed September 14, 2000, it is

Ordered that:

        1.  The petition is denied except that the
        INS shall entertain a request by Petitioner
        for a waiver of ineligibility or admission
        under 8 U.S.C. § 1182(h), INA § 212(h).

        2.  Petitioner shall file such a request
        within thirty days of the date of this order.
        It shall supersede any other such request
        already made by Petitioner.

        3.  The Clerk of Court shall close this
        file.


                              William W. Caldwell
                              United States District Judge


                        Certified from the record
                        Date  6-5-01
                        Mary E. D'Andrea, Clerk

                        Per _____
                              Deputy Clerk

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 5, 2001

Re: 1:00-cv-01635   Pri-Har v. Reno

True and correct copies of the attached were mailed by the clerk
to the following:

      Menachem Pri-Har
      FCI-FORT DIX
      34446054
      P.O. BOX 2000
      Fort Dix, NJ  08640

      Dulce Donovan, Esq.
      U.S. Attorney's Office
      228 Walnut Street
      P.O. Box 11754
      Harrisburg, PA  17108

cc:
Judge                          (X )                (X ) Pro Se Law Clerk
Magistrate Judge               ( )                 ( ) INS
U.S. Marshal                   ( )                 ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (X)
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )      Pltf's Attorney ( )

Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen    ( )  PA Atty Gen ( )
                                         DA of County   ( )  Respondents ( )

Bankruptcy Court               ( )
Other_____       ( )
                                         MARY E. D'ANDREA, Clerk

DATE: June 5th, 2001                    BY: _____
                                            Deputy Clerk