```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,                :
                                 :
       Petitioner                :
                                 :   CIVIL NO. 1:CV-00-1635
                                 :
       vs.                       :   (Judge Caldwell)
                                 :
JANET RENO, Attorney General     :
of the United States,            :
CHARLES W. ZEMSKI, Acting        :
District Director,               :
                                 :
       Respondents.
```

*MEMORANDUM*

*I.     Introduction*.

Pursuant to Fed. R. Civ. P. 70, the pro se petitioner, Menachem Pri-Har, has filed a "Motion for a Judgment Directing Specific Acts," requesting that the court, or in the alternative, some impartial third party, decide his request for a § 212(h) waiver.

*II.    Background*.

On June 5, 2001, this court addressed Pri-Har's petition under 28 U.S.C. § 2241, which challenged a final order of removal based on his fraud conviction in federal court. We rejected Pri-Har's claim that the INS should have considered his request for a waiver of deportation under now-repealed INA §

212(c)[1]. However, we agreed with him that the INS should consider his request for discretionary waiver of removal under INA § 212(h).[2] In our order, we directed the INS to "entertain a request by Petitioner for a waiver of ineligibility or admission under 8 U.S.C. § 1182(h), INA § 212(h)." (*See* Doc. 15).

      Pri-Har contends the INS, and now ICE, has failed to comply with this directive by not deciding his waiver application and hence under Rule 70 the court or some other person we designate should make the decision. In support, Petitioner relies on correspondence he has had with the Assistant United States Attorney (AUSA), Daryl F. Bloom, who represented Respondents in

---

[1] On September 30, 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 3009, which took effect on April 1, 1997. Section 304(b) of IIRIRA repealed INA § 212(c), and replaced it with § 240A, which is codified at 8 U.S.C. § 1229b. *Perez v. Elwood*, 294 F.3d 552, 557 (3d Cir. 2002).

[2] In relevant part, INA § 212(h) provides:

> *No waiver shall be granted* under this subsection in the case of an alien who has previously been admitted to the United States as an *alien lawfully admitted for permanent residence* if either since the date of such admission the alien has been *convicted of an aggravated felony* or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

*See* 8 U.S.C. § 1182(h)(emphasis added).

-2-

the habeas petition, which indicates to him that the agency is refusing to consider his 212(h) request.

On July 21, 2003, some two years after our order, Pri-Har wrote letters to the INS district director and the Acting United States Attorney, enclosing an "affidavit" and "four (4) exhibits" meant to be his 212(h) waiver application. On July 28, 2003, noting the passage of two years, AUSA Bloom responded, advising Petitioner "that in order to apply for a waiver of inadmissibility under INA § 212(h), you are required to file a Form I-601 application. In addition, you are required to pay the filing fee. The application should be filed in the immigration court having jurisdiction over your case." (Doc. 15, ex. D).

There followed additional correspondence in which Pri-Har opined that: (1) his experience with the INS indicated that any request from him for the proper form or filing it pro se would leave it "mired in a morass of bureaucracy"; (2) "prudent compliance with Judge Caldwell's Order in the above-referenced action invite your subservient (sic), as a liaison between the INS and myself, by furnishing me with the required form and assuring that the INS will act on the application promptly; and (3) the immigration court would not entertain his application because he had been subject to removal proceedings under INA § 238(b) and that the court had directed its order to the district director as a respondent, thereby making the Philadelphia INS office the

proper jurisdiction. (Doc. 15, ex. D, Pri-Har letter of August 4, 2003).

AUSA Bloom replied that his response "was meant to provide an instruction on how and where to file" the § 212(h) application and "did not make a determination concerning [Petitioner's] eligibility for such relief." (Doc. 15, Exhibit D, Bloom letter of September 29, 2003). AUSA Bloom also noted that although he had not reviewed Pri-Har's file, if Pri-Har was correct in stating he was placed in administrative removal proceedings pursuant to § 238(b) of the INA, he would be statutorily ineligible for relief under § 212(h).

In turn, Pri-Har acknowledged but disagreed with Bloom's "view" that the INS is not required to entertain his request for § 212(h) relief because he is "statutorily ineligible" for that relief. Pri-Har closed the exchange of letters by indicating that "if the INS will not initiate a § 212(h) proceeding within 30 days from the date of this letter, I will move with appropriate action to remedy its flouting on the orders of Judge Caldwell." (Doc. 15, ex. D, Pri-Har letter of October 21, 2003).

*III.   Discussion*.

In pertinent part, Rule 70 provides:

-4-

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents *or to perform any other specific act* and the party fails to comply within the time specified, *the court may direct the act to be done* at the cost of the disobedient party *by some other person appointed by the court* and the act when so done has like effect as if done by the party.

*See* Fed. R. Civ. P. 70 (emphasis added).

Rule 70 cannot assist Petitioner here. The Rule "is designed 'to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts.'" *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. 1981) (quoting 12 C. Wright & A. Miller, Federal Practice & Procedure, Civil § 3021 (1973)).

Our order did not require the agency to consider the 212(h) waiver application outside the normal process. It also did not require AUSA Bloom to assist Petitioner in any way. It merely required the agency to consider Petitioner's application, which, absent any specific instructions in the order, should have been understood to mean an application filed through the routine procedures.

Since there is no evidence that Respondents have *not,* or *refused,* to entertain a *properly filed* request for waiver of removal under § 212(h) as directed in our earlier order (indeed,

AUSA Bloom advised Petitioner how to file the application), we will deny the Rule 70 motion.

      We will issue an appropriate order.

                                           <u>/s/William W. Caldwell</u>
                                           William W. Caldwell
                                         United States District Judge

Date: December 11, 2003

```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,                 :
                                  :
        Petitioner                :
                                  :   CIVIL NO. 1:CV-00-1635
                                  :
     vs.                          :   (Judge Caldwell)
                                  :
JANET RENO, Attorney General      :
of the United States,             :
CHARLES W. ZEMSKI, Acting         :
District Director,                :
                                  :
        Respondents.
```

*O R D E R*

AND NOW, this 11th day of December, 2003, upon consideration of Petitioners Motion for a Judgment Directing Specific Acts, it is ordered that the Motion (doc. 15) is denied.

                                    /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge