```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,               :
                                :
          Petitioner            :
                                :   CIVIL NO. 1:CV-00-1635
                                :
     vs.                        :   (Judge Caldwell)
                                :
JANET RENO, Attorney General    :
of the United States,           :
CHARLES W. ZEMSKI, Acting       :
District Director,              :
                                :
          Respondents.
```

*M E M O R A N D U M*

I.   *Introduction*.

Presently before the Court is Petitioner's Second Motion for a Judgment Directing Specific Acts.  Under Fed. R. Civ. P. 70, Pri-Har requests that we rule on his application for waiver of ineligibility or admission under 8 U.S.C. § 1182(h), INA § 212(h), as the Bureau of Immigration and Customs Enforcement ("ICE") has failed to entertain his properly filed request as directed by this court's order of June 5, 2001.  (Doc. 17).

II.  *Background.*

On June 5, 2001, this court addressed Pri-Har's petition under 28 U.S.C. § 2241, which challenged a final order of removal based on his fraud conviction in federal court.  We

rejected Pri-Har's claim that the INS, now ICE, should have considered his request for a waiver of deportation under now-repealed INA § 212(c)[1]. However, we agreed with him that ICE should consider his request for discretionary waiver of removal under INA § 212(h).[2] In our order, we directed ICE to "entertain a request by Petitioner for a waiver of ineligibility or admission under 8 U.S.C. § 1182(h), INA § 212(h)." (*See* Doc. 15). We made this determination based on a record showing that Pri-Har was a convicted aggravated felon but not a permanent resident alien.

Presently, Pri-Har contends that on February 5, 2004, he forwarded to ICE his request for § 212(h) relief on the appropriate I-601 form with the accompanying $195.00 filing fee. (Doc. 17, Exhibit 2). Although the United States Postal Service

---

[1] On September 30, 1996, Congress repealed INA § 212(c), and replaced it with § 240A, codified at 8 U.S.C. § 1229b. *Perez v. Elwood*, 294 F.3d 552, 557 (3d Cir. 2002).

[2] In relevant part, INA § 212(h) provides:

> *No waiver shall be granted* under this subsection in the case of an alien who has previously been admitted to the United States as an *alien lawfully admitted for permanent residence* if either since the date of such admission the alien has been *convicted of an aggravated felony* or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

*See* 8 U.S.C. § 1182(h)(emphasis added).

confirmed delivery of the application on February 10, 2004, ICE has not otherwise acknowledged receiving it. (*Id.* at Exhibit 4). Pri-Har wrote letters for four months trying unsuccessfully to have ICE confirm its receipt of his § 212(h) application and its status. (*Id.* at Exhibit 4). When no response was received, Pri-Har filed the present motion.

Pri-Har, currently serving a federal sentence, is scheduled to be released from custody on June 20, 2005. (Doc. 17). He states that pursuant to 18 U.S.C. § 3624(c), he is eligible to serve the final six months of his sentence in a community corrections center if there is no pending removal order lodged against him.[3] (*Id.*)

Pri-Har asserts that we should consider ICE's failure to acknowledge, or otherwise act upon, his application for § 212(h) waiver as its refusal "to entertain a properly filed request for waiver of removal" as instructed by our June 5, 2001, order. (Doc. 11). As a remedy, he requests that we "assess the 212(h) application." (Doc. 17).

---

[3] The Court will not address the possible impact of Pri-Har's removal order on his CCC placement. The finality of Pri-Har's removal order has been resolved, thus the only outstanding questions are whether Pri-Har properly qualifies for § 212(h) relief and whether the Attorney General will favorably exercise his discretion and grant Pri-Har relief under § 212(h).

-3-

III.    *Discussion*.

In pertinent part, Rule 70 provides:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents *or to perform any other specific act* and the party fails to comply within the time specified, *the court may direct the act to be done* at the cost of the disobedient party *by some other person appointed by the court* and the act when so done has like effect as if done by the party.

*See* Fed. R. Civ. P. 70 (emphasis added). The rule provides an equitable remedy for nonperformance of a judgment for specific acts. *See Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 128 n. 11 (3d Cir.1988).

Petitioner's first Rule 70 motion was denied as he had not filed an application for § 212(h) waiver through ICE's normal procedures for such relief. We previously stressed that our June 2001 order did not require ICE to consider his application outside of its normal procedures.

Pri-Har now claims he has submitted a complete application for § 212(h) relief on the appropriate form accompanied by the requisite filing fee. In February 2004, Pri-Har submitted an Application to ICE for Waiver of Grounds of Excludability. An individual at the agency receipted the application on February 10, 2004. (Doc. 17, Exhibits 2 and 4). While Pri-Har suggests ICE's failure to verify the receipt of or

-4-

status of his application suggests their unwillingness, or refusal, to review his case, we are not persuaded. Pri-Har fails to point out a single policy or procedure ICE has failed to comply with or an obligation they have yet to fulfill with respect to his application for discretionary § 212(h) relief. He offers no information as to the average response time the agency takes in addressing such applications, or that his application has exceeded that period of time. Further, while Pri-Har has not received a personal response to his letters, he does have verification that his application was received by the agency. (*Id*. at Exhibit 4).

  Additionally, the court does not interpret ICE's action (or inaction in this case) to be indicative of its refusal to comply with our June 2001 order requiring that they consider a proper request for § 212(h) relief. Our order did not require the agency to consider the 212(h) waiver application outside the normal process or routine. It did not state that ICE must expedite its consideration of Petitioner's application or set a time frame in which ICE was to process the application. Nor did our June 2001 order dictate any specific outcome of the review process by ICE. Our order merely required the agency to consider Petitioner's properly filed application in due course.

  While we understand Pri-Har's frustration as to the timeliness of ICE's consideration of his request, he admits that he is not scheduled to be released from his criminal sentence

-5-

until June 2005.  Therefore, until ICE actually takes custody of Pri-Har, for the purposes of removal, he is not in jeopardy of being removed prior to the agency's consideration of his request for waiver of ineligibility or admission under § 212(h).

Additionally we note that this Court cannot grant Pri-Har the relief he requests – that this Court assess his § 212(h) application - as that discretionary power rests exclusively with the Attorney General.  Further, pursuant to INA § 212(h), 8 U.S.C. § 1182(h), "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection."  Thus, the only relief this Court can afford Pri-Har with respect to his application is to see that it is properly considered by ICE, as originally specified in our June 2001 order.

Since there is no evidence that Respondents have refused to entertain a properly filed request for waiver of removal under § 212(h) as directed in our earlier order, we will deny the Rule 70 motion.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: December 3, 2004

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENCHEM PRI-HAR,                  :
                                  :
        Petitioner                :
                                  :   CIVIL NO. 1:CV-00-1635
    vs.                           :
                                  :   (Judge Caldwell)
JOHN ASHCROFT, United States      :
Attorney General, et al.,         :
                                  :
        Respondents.              :
```

*O R D E R*

AND NOW, this 3rd day of December, 2004, upon consideration of Petitioner's Second Motion for a Judgment Directing Specific Acts, it is ordered that the Motion (doc. 17) is denied.

　　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　United States District Judge