UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MENACHEM PRI-HAR, <br> Petitioner, <br><br> -vs- <br><br> JANET RENO, Attorney <br> General of the United States, and <br> Charles W. Zemski, Acting <br> District Director, <br> Respondents. | : <br> : <br> : <br> : Civil No.: 1: CV-00-1635 <br> : <br> : (Judge Caldwell) <br> : <br> : <br> : **AFFIDAVIT OF MENACHEM PRI-HAR** <br> : **IN SUPPORT OF THE MOTION FOR** <br> : **RECONSIDERATION** |

FILED
HARRISBURG, PA
DEC 2 0 2004
MARY E D'ANDREA, CLERK
Per _____

**MENACHEM PRI-HAR**, under penalty of perjury, pursuant to 28 U.S.C. §1746, deposes and says:

(1) I am the Petitioner herein submitting this affidavit in support of my motion for reconsideration of the December 3, 2004 Memorandum and Order.

(2) I am incarcerated in a private prison known as McRae Correctional Facility located in McRae, Georgia (referred hereinafter as "McRae").

(3) I have a pending litigation against the Federal Bureau of Prisons ("BOP") concerning, among others, my transfer to McRae. In this action I argued that the BOP should have not transferred me to McRae, a prison which houses only federal prisoners with a final deportation order, since my deportation status was still subject to ICE's consideration of waiver under INA §212(h).

(4) Thomas E. Washburn, designations administrator at the BOP, countered my representation with a declaration stating that the BOP's record shows my deportation status is

-2-

final. (*See* the declaration of Thomas E. Washburn, dated December 26, 2002, Par. 7, attached herewith as Exhibit ).

(5) As Exhibit No. 1 to his declaration, Washburn attached the BOP's Operations Memorandum for McRae, dated November 18, 2002. In this memorandum, it specifically stated that the release of McRae's prisoners be done through actual deportation. (*See* Washburn's Decl. Ex. 1, Pg. 1).

(6) As a prisoner in McRae I learned that indeed all of McRae's prisoners received a final deportation order, and upon release from this prison, law enforcement personnel of certain counties within the State of Georgia handle for ICE the actual deportation from the United States.

(7) There are no immigration proceedings at McRae, because its prisoners have already received a final deportation order at BOP's facilities which provides a ward for immigration proceedings.

Dated: McRae, Georgia
       December 15, 2004

                                                _____
                                                MENACHEM PRI-HAR

EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MENACHEM PRI-HAR
    Plaintiff

V.                                    Civ. Action No. 02-CV-2552

FEDERAL BUREAU OF PRISONS
    Defendants

### DECLARATION OF THOMAS E. WASHBURN

I, THOMAS E. WASHBURN, do hereby declare and state as follows:

1. I am the Designations Administrator for the Northeast Region of the United States Department of Justice, Federal Bureau of Prisons. I have been employed in this capacity since August of 2000 and have been employed by the Bureau of Prisons since 1990.

2. As Regional Designations Administrator, I am familiar with inmate security designations and custody classifications in the Northeast Region. Bureau of Prisons policies and procedures for security designations and custody classifications are set forth in Program Statement 5100.07, <u>Security Designations and Custody Classification Manual</u>.

3. I have reviewed the Supplemental Affidavit filed by Inmate

1

Menachem Pri-Har, Register Number 34446-054, in which he challenges the decision to transfer him from the Federal Correctional Institution ("FCI Fort Dix") Fort Dix, New Jersey, to the McRae Correctional Facility ("McRae"), McRae, Georgia. Inmate Pri-Har asserts that the Warden at FCI Fort Dix is transferring him in retaliation against him for filing an administrative remedy complaint. Inmate Pri-Har also claims that he should not be transferred to McRae because his Deportation Order is not final. Furthermore, he argues that McRae is too far from his father and that the Bureau of Prisons did not take that factor into consideration.

4. I am familiar with the pending transfer of Inmate Pri-Har and other inmates to McRae. McRae was recently activated on December 2, 2002. McRae is owned and operated by the Corrections Corporation of America ("CCA"), which is under contract with the Bureau of Prisons to confine **LOW security adult non-U.S. citizen males** who have **60 months or less** remaining to serve on their sentences.

5. The Bureau of Prisons tracks inmates' security designation and custody classification through its central computer database system (SENTRY). I have reviewed the SENTRY records maintained for Inmate Pri-Har.

6. A review of SENTRY also reveals that Inmate Pri-Har has **failed** to exhaust available administrative remedies with regard to his transfer to McRae.

7. Inmate Pri-Har is currently confined at FCI Fort Dix, which is a LOW security facility. On December 12, 2002, Inmate Pri-Har was approved for an "Increase Population" transfer to McRae. The purpose of an "Increase Population" transfer is to build a population, usually upon activation of a new facility, such as McRae. Inmate Pri-Har is a LOW security inmate and, assuming he receives all good conduct time (GCT) available to him under 18 U.S.C. § 3624(b), his projected release date is June 20, 2005. He is a citizen of Israel. SENTRY records indicate he has been ordered deported by the Immigration Naturalization Service ("INS"). Therefore, Inmate Pri-Har's claim is without merit.

8. Attached to this declaration is a copy of a November 18, 2002 memorandum issued from the Assistant Director Michael B. Cooksey concerning activation of the McRae Correctional Facility. The criteria provided in this memorandum was followed in determining which Bureau of Prisons inmates to transfer to McRae. I have also attached a Request For Transfer/Application of Management Variable form for Inmate Pri-Har and an Inmate Profile printout from SENTRY on Inmate

3

Pri-Har.

I declare that any and all records attached to this declaration are true and accurate copies maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

_Thomas E. Washburn_ (signature)          12-26-02

Thomas E. Washburn                         Date
Designations Administrator
Northeast Regional Office
Federal Bureau of Prisons

4

MCA

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

NUMBER:  038-2002 (7740)
DATE:    11/18/2002
SUBJECT: Activation of the McRae Correctional Facility, (Private Secure Contract Facility in McRae, Georgia)

EXPIRATION DATE: 11/18/2003

1. **PURPOSE AND SCOPE.** To announce the activation of the privately operated LOW security level McRae Correctional Facility, McRae, Georgia. This Operations Memorandum provides a plan to ensure this facility's orderly and systematic activation.

2. **DESIGNATION/REDESIGNATION CRITERIA.** McRae Correctional Facility is owned and operated by the Corrections Corporation of America (CCA) which is under contract with the Bureau to confine **LOW security adult non-U.S. citizen males** who have **60 months or less** remaining to serve on their sentence.

Inmates placed at McRae will be released predominantly to countries in South and Central America. The countries of Mexico and Cuba are excluded. Inmates who may or will be releasing to Mexico or Cuba will not be approved for placement at McRae.

Inmates with the following conditions **may not** be approved for

Exhibit 1

placement at McRae:

- work restrictions or chronic care clinic diagnosis;
- requirement for regular maintenance visits for treatment;
- more than six disciplinary reports for which the inmate has been found guilty by either the Unit Discipline Committee or the Discipline Hearing Officer during the past 12 months;
- placed or retained in disciplinary segregation;
- long-term protective custody needs; or
- six-months or less remaining to serve.

**Exception.** The Bureau's Privatization Facility Administrator (PFA) responsible for the McRae contract can make an exception to these Designation/Redesignation criteria, in accordance with Bureau's **Security Designation and Custody Classification Manual**.

OM XXX-XX (XXXX)
<u>DRAFT</u> MM/DD/YY
Page 4

3. **ACTIVATION SCHEDULE.** The McRae Correctional Facility's anticipated activation date is **December 2, 2002.** Inmate movement will occur according to the following schedule and instructions:

   a. **Initial and Redesignations. Effective immediately,** all regions may submit initial and redesignation requests to their respective Regional Designator for transfer consideration to McRae. Inmates approved for transfer **before the activation date** will be moved to approved holdover points of FCI Tallahassee, Florida or USP Atlanta, Georgia.

   A notation on the inmate's CIM Clearance and Separatee Data Display must indicate that movement into McRae will take place after December 2, 2002.

   The SER Designator is the point-of-contact for movement of inmates to McRae.

   b. **Populating McRae.** Inmates moved into McRae will not exceed the rate of approximately 40 inmates per week unless otherwise approved by the Bureau PFA.

   Any special movement of inmates must be coordinated between the sending institution and the McRae Warden with the concurrences of the PFA and the SER Designator.

4. **INSTITUTION PROGRAMS/SERVICES.** Programs available at activation include work, education, law library, recreation, telephone, and visiting and inmate services such as commissary, food service, and laundry. McRae's telephone system will allow inmates to make both collect and debit telephone calls.

Inmate personal property will be limited to that allowed in the Program Statement on Inmate Personal Property.

Sending institutions will arrange for inmate personal funds, allowable property, and official records to accompany the inmate to McRae.

/s/
Michael B. Cooksey
Assistant Director
Correctional Programs
Division

EMS-409.051 **REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE** CDFRM
AUG 99

**U.S. DEPARTMENT OF JUSTICE    FEDERAL BUREAU OF PRISONS**

| From: C.J. DeRosa, Warden | Facility: FCI Fort Dix, New Jersey | Date: December 5, 2002 |
|---|---|---|
| Inmate's Name: PRI-HAR, Menachem | | Register No. 34446-054 |
| To: M.E. Ray, Northeast Regional Director | | Thomas E. Washburn, Northeast Regional Designator |

XXX Transfer to: McRae Correctional Facility, Georgia (318/Increase Population)
___ Apply Management Variable(s) _____
___ Update Management Variable Expiration Date. (New Date): _____

1. Inmate's Medical Status: Inmate Pri-Har is assigned the medical status of regular duty with no medical restrictions. His mental health evaluation is favorable.

2. Institution Adjustment (Include a brief description of the inmate's adjustment during this period of incarceration with emphasis on recent adjustment)

Inmate Pri-Har has made a favorable adjustment to confinement. He maintains a decent working rapport with staff and other inmates and earns average work evaluations. He is currently participating in the Inmate Financial Responsibility Program and has a remaining balance of $38,999,675.00 restitution and $1,000,000.00 fine.

**DISCIPLINARY RECORD**

| 3. Date/Institution | Incident | Sanction |
|---|---|---|
| 01-09-2001/FTD | Refusing to Obey an Order (307) | 13 days loss of GCT<br>15 days DS<br>365 days loss of commissary<br>5 years loss of Phone<br>365 days loss of visiting |
| 12-08-2000/ALF | Disruptive Conduct (499) | 1 year loss of phone |
| 12-01-2000/ALF | Refusing to Obey an Order (307) | 180 days loss of commissary |
| 08-01-2000/ALF | Using Phone or Mail Without Authorization (406) | 4 months loss of commissary<br>12 months loss of phone |
| 06-23-1998/LOR | Using Phone or Mail Without Authorization (406) | 60 days loss of telephone<br>Pending 180 days suspended<br>30 days loss telephone |
| 01-28-1998/LOR | Failing to Follow Safety Regulations (317) | Confiscate and Destroy Property |
| 01-28-1997/LOR | Interfering with Taking Count (321) | 10 hours extra duty |
| 07-02-1996/LOR | Possessing Unauthorized Money (303) | Change Quarters for 30 days and loss of commissary for 30 days |
| 12-18-1995/LOR | Possessing Unauthorized Money (303) | Confiscate excess money<br>14 days commissary restriction |
| 05-31-1994/OTV | Failing to Follow Safety Regulations (317) | 7 days loss of visiting<br>7 days commissary restriction |

Exhibit 2

4. Rationale for Referral. (For Mariel Cuban Detainees, include availability of community resources and status of INS review process in this section.)

Inmate Pri-Har is a Low Security Level inmate with In Custody. He is serving a 168 Month Sentence for Conspiracy to Defraud the U.S. Department of Agriculture; Conspiracy to Commit Bank Fraud; Conspiracy to Commit Wire Fraud; Wire Fraud. His Good Conduct Time Release Date is June 20, 2005. The Unit Team is recommending transfer to McRae Correctional Facility, Georgia to increase the population at that facility. He is classified as a Central Inmate Monitoring case with the assignment of Separation.

| 5a. Parole Hearing Scheduled: Yes XX No | b. If yes, when N/A |
|---|---|

6. Note any past or present behavior and/or management/inmate concerns.

There is one discrepancy between the BP-337 and BP-338. The BP-337 scores inmate Pri-Har with a Moderate severity detainer due to a possible pending fraud case noted in this Pre-Sentence Investigation report. However, as no formal charges have been filed in this case, the charges cannot be scored as a detainer.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:

| | |
|---|---|
| Inmate Profile | CIM Clearance and Separatee Data |
| Inmate Load Data | Custody Classification Form |
| Sentence Computation | Chronological Disciplinary Record |

| Prepared by: F. Perkins, Case Manager | Unit Manager Signature |
|---|---|

If the transfer is approved, a Progress Report will be completed prior to transfer.
*For Mariel Cuban Detainees - Staff have entered the CMA Assignment of "C.P. RV DT" to indicate the need for a Cuban Review Panel Hearing four months from his/her Roll-Over Date.
(This form may be replicated via WP)

```
NERGE  535.03 *                  INMATE PROFILE              *    12-24-2002
PAGE 001 OF 001                                                   08:43:53
          34446-054                  REG
REGNO: 34446-054                  FUNCTION: PRT  DOB/AGE.: 06-10-1954 / 48
NAME.: PRI-HAR, MENACHEM                         R/S/ETH.: W/M/O
RSP..: FTD-FORT DIX FCI                          MILEAGE.: 52 MILES
PHONE: 609-723-1100       FTS: 700-866-6000
PROJ REL METHOD: GOOD CONDUCT TIME RELEASE       FBI NO..: 558108TA4
PROJ REL DATE..: 06-20-2005                      INS NO..: 77627738
PAR ELIG DATE..: N/A
PAR HEAR DATE..:                                 SSN.....: 093683602
                                                 DETAINER: YES      CMC..: YES
OFFN/CHG RMKS: CONS:DEFRAUD/DEFRAUD USDOA;CONS:BANK FRAUD/BANK FRAUD;93CR0278
OFFN/CHG RMKS: CONS:WIRE FRAUD & WIRE FRAUD;FALSE STMT LOAN/CREDIT:168M,5Y SR
  FACL  CATEGORY       - - - -   CURRENT ASSIGNMENT - - - - -  EFF DATE   TIME
  FTD   ADM-REL        A-DES     DESIGNATED, AT ASSIGNED FACIL 09-14-2001 1406
  FTD   COR COUNSL     5751 M-Z  J. DIXON, COUNSELOR, EXT 395  09-14-2001 1406
  FTD   CASE MGT       CF REMOVAL COMMON FARE PROGRAM REMOVAL  05-19-2000 1947
  FTD   CASE MGT       CFSA      CERT FOOD SINCERITY APPROVAL  01-11-2001 2015
  FTD   CASE MGT       IHP CMPWDP IMM HRG COMPL WITH DEPORT INS 08-16-2001 0900
  FTD   CASE MGT       ITTIS DENY ITT IS TRTY TRANS DENIED     11-05-2001 0838
  FTD   CASE MGT       ITTIS ELIG ITT IS ELIGIBLE FOR TRTY TRANS 05-21-2001 1809
  FTD   CASE MGT       OAK REMOVE OAKDALE INS DETN REMOVED     04-05-2000 1438
  FTD   CASE MGT       PROG RPT  NEXT PROGRESS REPORT DUE DATE 07-17-2005 0934
  FTD   CASE MGT       V94 COB913 V94 CURR OTHER BEFORE 91394  09-28-2001 1201
  FTD   CMC            SEPARATION SEPARATION                   05-18-1994 1419
  FTD   CORR SVCS      RAN NEG   RANDOM DRG TST-NEGATIVE       12-26-2001 1500
  FTD   CORR SVCS      SAT NEG   SATURATION DRG TST-NEGATIVE   06-06-2002 1201
  FTD   CORR SVCS      SUS D-TEST SUSPECT DRG TST              03-31-2001 1502
  FTD   CASEWORKER     5751 M-Z  F. PERKINS, CSW, EXT 393      09-14-2001 1406
  FTD   CUSTODY        IN        IN CUSTODY                    10-27-1993 1134
  FTD   DRUG PGMS      DRG I NONE NO DRUG INTERVIEW REQUIRED   09-01-1994 1703
  FTD   DESTNATION     MCA IHPR  MCRAE CI-IHP RELEASE          12-12-2002 1303
  FTD   EDUC INFO      ESL HAS   ENGLISH PROFICIENT            04-10-1995 1137
  FTD   EDUC INFO      GED UNSAT GED PROGRESS UNSATISFACTORY   05-12-1999 1143
  FTD   EDUC INFO      GED XN    EXEMPT GED NON-PROMOTABLE     08-29-1994 2119
  FTD   FIN RESP       PART      FINANC RESP-PARTICIPATES      02-25-2002 1605
  FTD   LEVEL          LOW       SECURITY CLASSIFICATION LOW   03-27-1995 0917
  FTD   MED DY ST      REG DUTY  NO MEDICAL RESTR--REGULAR DUTY 05-08-2002 1117
  FTD   MED DY ST      YES F/S   CLEARED FOR FOOD SERVICE      05-08-2002 1117
  FTD   PGM REVIEW     JAN       JANUARY PROGRAM REVIEW        01-10-2003 1538
  FTD   QUARTERS       E03-394L  HOUSE E/RANGE 03/BED 394L     12-06-2002 1133
  FTD   RELIGION       JEWISH    JEWISH                        02-04-1994 0927
  FTD   SECUR THRT     FRAUD     HISTORY OF FRAUD              06-21-2000 1937
  FTD   SECUR THRT     PILOT     PILOT                         06-21-2000 1937
  FTD   SECUR THRT     POSTPIC   POSTED PICTURE CARD FILE      03-08-1999 1147
  FTD   UNIT           UNIT3-IHPR T.K. COZZA-UNT MGR, EXT 390  07-18-2002 1745
  FTD   WAITNG LST     FS PHYS   PHYSICAL COMPLETED FOR FS     05-08-2002 1119
  FTD   WRK DETAIL     FS 50 AM K FOOD SERVICE 5750 AM KITCHEN 11-30-2002 0001


G0017      WARNING : NOTIFICATIONS ARE REQUIRED PER P.S. 1490.06
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit 3