# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,
    Petitioner,

-vs-

JANET RENO, Attorney
General of the United States, and
Charles W. Zemski, Acting
District Director,
    Respondents.

Civil No.: 1: CV-00-1635

(Judge Caldwell)

FILED
HARRISBURG, PA
DEC 20 2004
MARY E. D'ANDREA, CLERK
Per ___

## PETITIONER'S MEMORANDUM IN SUPPORT OF THE MOTION FOR RECONSIDERATION

Petitioner, acting *pro se,* respectfully requests the Court's reconsideration of its order filed on December 3, 2004, concerning Petitioner's Second Motion for a Judgment Directing Specific Acts on the June 5, 2001 order.

As a basis to deny a judgment for specific acts, the Court concluded as follows:

> [U]ntil ICE actually takes custody of Pri-Har for the purpose of removal, he is not in jeopardy of being removed prior to the agency's consideration of his request for waiver of ineligibility or admission under §212(h).

(Memorandum at 6).

The court, however, was not aware of pivotal evidence indicating that ICE has scheduled Petitioner for deportation on or about June 20, 2005, with *no* prior consideration of his properly filed request for waiver of removal under INA §212(h), effectively eviscerating the force of the Court's June 5, 2001 order.

-2-

## JURISDICTION

The Court's jurisdiction to reconsider its December 3, 2004 Memorandum and Order, and to amend its judgment are vested by virtue of Civil Rule 59(e).

## ARGUMENT

The Federal Bureau of Prisons ("BOP") had placed Petitioner in a private prison known as McRae Correctional Facility located in McRae, Georgia (referred hereinafter as "McRae"). The BOP's Operations Memorandum about McRae indicates as follows:

> McRae Correctional Facility is owned and operated by the Corrections Corporation of America (CCA) which is under contract with the Bureau to confine LOW security adult non-U.S. citizen males who have 60 months or less remaining to serve on their sentence.
>
> *Inmates placed at McRae will be released predominantly to countries in South and Central America.*

(See Exhibit to Pri-Har's Aff.).

Accordingly, all of McRae's prisoners are being released at the termination of their sentences through actual deportation.

Indeed, McRae's population merely encompasses foreigners who have already received, as Petitioner, a final deportation order and upon completion of their imprisonment terms, they are removed from McRae to a deport location without any prior proceeding by ICE. (*See* Pri-Har's Aff.).

If ICE genuinely intended to follow the Court's June 5, 2001 order, Petitioner would have been transferred by BOP to a facility equipped to entertain immigration proceedings, such as the way LSCI Allenwood served in the instant case. (*See* Pri-Har's Aff.).

-3-

The BOP's Operations Memorandum for McRae serves as evidence to show that Petitioner will be deported upon completion of his imprisonment term, June 20, 2005, without consideration by ICE on his application under §212(h), despite the order that requires the consideration.

It is therefore respectfully requested that under the authority of Rule 70, Fed. R. Civ. P., the Court amend its order to say that the final administrative removal order issued on August 10, 2000, by then INS, is invalidated until such time, if any, that ICE consider Petitioner's application for §212(h) waiver and deny the application, or, in the alternative, the Court direct prescriptions which would ensure consideration of the §212(h) application *prior* to Petitioner's release from the BOP's custody at McRae. (For the Court's convenience, a copy of the final administrative removal order is attached herewith).

## CONCLUSION

For the foregoing reasons reconsideration should be granted.

Dated: McRae, Georgia
       December 15, 2004

> Respectfully submitted,
>
> Menachem Pri-Har, *pro se*
> #34446-054
> McRae C. F.
> 1000 Jim Hammock Dr.
> McRae, GA 31055

U. S. Department of Justice

Immigration and Naturalization Service

Final Administrative Removal Order

# FINAL ADMINISTRATIVE REMOVAL ORDER
## UNDER SECTION 238(b) OF THE
## IMMIGRATION AND NATIONALITY ACT

BOP NO: 34446-054
FILE NO: A77 627 738
DATE: 8-10-00

To: PRI-HAR, Menachem
Address: LSCI ALLENWOOD, Allenwood, PA 17887
(Number, street, city, state, and ZIP code)
Telephone: N/A
(area code and phone number)

## ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Service Officer of the Immigration and Naturalization Service, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you were not lawfully admitted for permanent residence. I further find that you have a final conviction of an aggravated felony as defined in section 101(a)(43)(**M&U**) of the Act, 8 U.S.C. 1101(a)(43) and are ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Attorney General and in me as the Attorney General's delegate under the laws of the United States, I find you deportable as charged, and order that you be removed from the United States to

_____Israel_____ or to any alternate country prescribed by section 241 of the Act.

_____
(Signature of Authorized INS Official)

_____
District Director
(Title of Official)

Philadelphia, PA   8-10-00
(Date and office location)

Petition for review: [ ] Waived by respondent
                    [ ] Reserved by respondent

### Certificate of Service

I served this **FINAL ADMINISTRATIVE REMOVAL ORDER** upon the above-named individual.

8/16/00   ALLENWOOD, PA.   MAIL SERVICE   P.O. Box 1000 White Deer, PA 17887
(Date, time, place and manner of service)

_____
(Signature and title of officer)

Form I-851A(Rev 4-1-97)N

Attachment to Final Administrative Removal Order (I-851A)

RE: Menachem PRI-HAR, A77 627 738

I have considered all the information related to the Administrative Removal proceedings in your case. You have submitted a written response to the Notice of Intent to Issue a Final Administrative Removal Order on July 29, 1999. Your were granted a final 30 days extension in order to submit your response. This extension expired on June 24, 2000. Your request for another extension to submit a response is denied.

I find that your alienage, conviction of an aggravated felony, and deportability are supported by clear convincing and unequivocal evidence. I also find that you are not a lawful permanent resident of the United States.

You have requested that you be allowed to pursue a waiver of inadmissibility under section 212(c) of the INA. However, you are statutorily ineligible for such relief. Section 212(c) of the INA was repealed by section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-207, 110 Stat. 3009 (effective April 1, 1997)(hereinafter "IIRIRA). This amendment to the INA applies to individuals placed in proceedings after April 1, 1997, the effective date of IIRIRA. Inasmuch as the instant proceedings were commenced against you on May 11, 2000, you are precluded from applying for relief under former section 212(c) of the INA as a matter of law.

Therefore, the decision on the Administrative Removal Order is final.