IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MENACHEM PRI-HAR, | : | |
| (A77 627 738) | : | |
| Petitioner, | : | Civil Action No. 1:CV-00-1635 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| JANET RENO, Attorney General | : | |
| of the United States, | : | |
| CHARLES W. ZEMSKI, Acting | : | |
| District director, | : | (Electronically Filed) |
| Respondents.[1] | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION**

Respondents hereby oppose and request that the Court deny Petitioner's Motion for Reconsideration upon the grounds and for the reasons set forth herein.

---

[1] On March 1, 2003, the former Immigration and Naturalization Service ("INS") was abolished and its functions were transferred from the Department of Justice under then Attorney General John Ashcroft to the Department of Homeland Security under Secretary Tom Ridge. Homeland Security Act of 2002 § 471, Pub. L. 107-296, 116 Stat 2135, 2192 (November 25, 2002). Under the Department of Homeland Security, the former INS was divided into three compartments: Customs and Border Protection (CBP); Immigration and Customs Enforcement (ICE); and, Citizenship and Immigration Services (CIS). ICE is responsible for the investigative and enforcement functions of the former INS. CIS is responsible for deciding applications for relief from removal. Charles Zemski once the District Director for the Philadelphia District retired from the former INS in December 2002. In addition, Janet Reno is no longer the Attorney General of the United States, having stepped down on January 20, 2001. Alberto R. Gonzales was sworn in as the Attorney General of the United States on February 3, 2005. In between Janet Reno and Alberto Gonzalez, John Ashcroft served as the Attorney General of the United States until he resigned on November 10, 2004.

## Procedural Background

On September 14, 2000, Petitioner, Menachem Pri-Har ("Pri-Har"), filed a Petition for Writ of Habeas Corpus ("Petition") challenging his final administrative removal order and requesting discretionary relief from removal. (Rec. Doc. No. 1). On November 14, 2000, the Court issued an Order which directed the Government to respond to the allegations in the Petition within twenty days. (Rec. Doc. No. 2). After being granted a brief extension of time, the Government filed a response to the Petition on December 14, 2000. (Rec. Doc. No. 7).

On June 5, 2001, the Court issued a Memorandum and Order granting the Petition to the extent that the former INS was directed to entertain Pri-Har's application for a waiver under 8 U.S.C. § 1182(h), Immigration and Nationality Act ("INA") § 212(h) and denying the Petition in all other aspects.[2]  (Rec. Doc. No. 11).

On December 4, 2003 Pri-Har filed a motion for a judgment directing specific acts, namely "having the Court itself or an impartial suitable person assess the 212(h) application." (Rec. Doc. No. 15). The motion was denied on

---

[2]  The Court amended Its Order on July 5, 2001 and vacated the thirty day filing deadline.

December 11, 2003. (Rec. Doc. No. 16). On July 26, 2004, Pri-Har filed a second motion for a judgment directing specific acts. (Rec. Doc. No. 77). The second motion was denied on December 3, 2004. (Rec. Doc. No. 19).

Pri-Har filed a motion for reconsideration of the Court's December 3, 2004 Order on December 20, 2004. (Rec. Doc. No. 20). On March 9, 2005, the Court directed the Government to file a response to Pri-Har's motion within twenty days. (Rec. Doc. No. 23). In accordance with the Court's Order, the following is in response to Pri-Har's Motion.

## **Factual Background**

Pri-Har, a native and citizen of Israel, entered the United States on or about March 27, 1993, as a nonimmigrant. (Rec. Doc. No. 7, Exh. 2). On October 23, 1993, Pri-har was indicted in the Southern District of New York on twenty-four counts charging him with fraudulently obtaining in excess of $84 million in loans and government subsidies from the United States Department of Agriculture.[3]

---

[3] The various counts with which Pri-har was charged are as follows: (1) conspiracy to defraud the United States Department of Agriculture, 18 U.S.C. § 371; (2) defrauding the United States Department of Agriculture, 18 U.S.C. § 714m(a) (eight counts); (3) conspiracy to commit bank fraud, 18 U.S.C. § 371 (three counts); (4) bank fraud, 18 U.S.C. §§ 1344, 1342 (five counts); (5) conspiracy to commit wire fraud, 18 U.S.C. § 371; (6) wire fraud , 18 U.S.C. § 1343 (four counts); and (7) making false statements on a loan application, 18 U.S.C. §§ 1014, 1012 (two counts). (Rec. Doc. No. 7, Exh. 1).

See, Pri-har v. United States, 83 F. Supp.2d 393, 395 (S.D. N.Y. 2000). On January 10, 1994, after a jury trial, Pri-har was found guilty on all twenty-four counts. Id. at 396. On July 20, 1994, Pri-har was sentenced to 168 months of imprisonment, and a five year term of supervised release. Id. Pri-har is currently serving his fourteen-year term of imprisonment at the Federal Correctional Institution in McRae, Georgia.

On May 8, 2000, the INS issued Pri-hHr a Notice of Intent to Issue Final Administrative Removal Order,[4] charging him as being removable as an aggravated felon pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii). (Rec. Doc. No. 7, Exh. 2). On August 10, 2000, based on Pri-har's own admissions, the INS issued a Final Removal Order finding that he was not a citizen or national of the United States, not lawfully admitted for permanent residence, and that he had been convicted of an aggravated felony. (Rec. Doc. No. 7, Exhs. 4 & 5). The INS directed Pri-har's removal to Israel. (Rec. Doc. No. 7, Exh. 4).

---

[4] Because Pri-har was not a permanent resident of the United States, the INS chose to utilize the removal procedures authorized under Immigration and Nationality Act § 238(b), 8 U.S.C. § 1228(b).

## Issues Presented

1.  Whether Pri-Har's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) should be denied as untimely.

    Suggested Answer: Affirmative.

2.  Whether Pri-Har's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) should be denied on the merits.

    Suggested Answer: Affirmative.

3.  Whether Pri-Har is statutorily ineligible for a waiver under 8 U.S.C. § 1182(h), INA § 212(h), as an alien subject to a final administrative removal order pursuant to 8 U.S.C. § 1228(b), INA § 238(b).

    Suggested Answer: Affirmative.

4.  Whether the Court should deny Pri-Har a stay of removal from the United States because he is unable to meet the requirements for injunctive relief.

    Suggested Answer: Affirmative.

## Discussion

**I.   THE COURT SHOULD DENY PRI-HAR'S MOTION TO ALTER OR AMEND JUDGMENT.**

    **A.   Pri-Har's Motion Should Be Denied As Untimely.**

In his memorandum in support of his motion to reconsider, Pri-Har asks the Court to amend Its December 3, 2004 judgment pursuant to "Civil Rule 59(e)." Pri-Har's motion should be dismissed as untimely.

A motion to alter or amend judgment must be filed no later than ten days

after entry of the judgment. Fed. R. Civ. P. 59(e). Here, the District Court entered Its decision on December 3, 2004. (Rec. Doc. No. 19). Pri-Har did not file his motion until December 20, 2004.[5] (Rec. Doc. No. 20). As such, Pri-Har's motion is untimely and should be dismissed.

### B. Pri-Har's Motion Should Be Denied on the Merits.

Reconsideration motions will be granted only where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

In the instant case, Pri-Har has wholly failed to demonstrate an intervening change in the law, new evidence not previously available or the need to correct a clear error of law or prevent a manifest injustice. As such, Pri-Har's motion should be denied on the merits.

### II. PRI-HAR IS NOT STATUTORILY ELIGIBLE FOR A 212(h) WAIVER OR ANY DISCRETIONARY RELIEF FROM REMOVAL.

Pri-Har was placed in administrative removal proceedings pursuant to §

---

[5] It should be noted that Pri-Har's cover letter included with his motion is dated December 15, 2004.

238(b) of the INA, 8 U.S.C. § 1228(b).[6] As such, he is statutorily ineligible for discretionary relief. See INA § 238(b)(5), 8 U.S.C. §1228(b)(5). A nonresident alien, like Pri-Har, is not eligible for any discretionary relief or waiver of removal if he is subject to removal in an expedited proceeding under INA § 238(b), 8 U.S.C. § 1228(b). See 8 U.S.C. § 1228(b)(1) and (b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion");[7] U.S. v. Arrieta, 224 F.3d 1076 (9th Cir. 2000); Hypolite v. Blackman, 57 F.Supp.2d 128 (M.D.Pa.1999); Barton v. Ashcroft, 171 F.Supp.2d 86 (D.Conn.2001); Jankowski v. I.N.S., 138 F.Supp.2d 269 (D.Conn.2001); Matter of Ayala-Arevalo, Interim Dec. 3371, 1998 WL

---

[6] In United States v. Benitez-Villafuerte, 186 F.3d 651 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit upheld the constitutionality of the expedited removal proceedings set forth in 8 U.S.C. § 1228. The Court of Appeals stated that: "The Supreme Court has made it clear that due process requires only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard. . . . The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to inposing procedures that merely displace congressional choices of policy." Id. at 657 (internal quotations and citations omitted). The Court found that the procedures set forth in section 1228 met the requirements of due process. Id. at 657-58.

[7] The United States Immigration and Customs Enforcement is part of the Department of Homeland Security. 6 U.S.C. § 271 (Supp. 2004). The functions of the former Commissioner of the Immigration and Naturalization Service were transferred to ICE under the Homeland Security Act of 2002. Id.

833810 (BIA1998).

Pri-Har's claim that he is eligible for relief under section 212(h) is contrary to law. Section 212(h) is a form of discretionary relief. 8 U.S.C. § 1182(h) ("The Attorney General may, <u>in his discretion</u>" grant a 212(h) waiver)(emphasis added). As noted above, discretionary relief is only available under section 212(h) of the INA to a nonresident alien, as long as he is subject to removal in a proceeding under INA § 240, 8 U.S.C. § 1229a.[8]  As such, Pri-Har is statutorily ineligible for relief under §212(h) of the INA.

### III.   THE COURT SHOULD DENY PRI-HAR A STAY OF REMOVAL BECAUSE HE CAN NOT SHOW THAT HE WARRANTS A DISCRETIONARY STAY UNDER THE STANDARDS FOR INJUNCTIVE RELIEF.

Pri-Har failed to demonstrate that he warrants a discretionary stay of

---

[8] Pri-Har is also ineligible for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b). Cancellation of removal under INA § 240A(b) is available to adjust aliens to lawful permanent resident status who have been physically present in the United States for at least ten years and been a person of good moral character where the aliens removal would result in "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Nonpermenent resident aliens who are convicted of an offense under INA § 237(a)(2) are ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(C). Indeed, Pri-Har has been convicted of an offense which would be included under INA § 237(a)(2). Additionally, as stated above, cancellation of removal under 8 U.S.C. § 1229b(b) is a discretionary form of relief not available to aliens, like PriHar, who are in expedited removal proceedings. 8 U.S.C. § 1228(b)(1) and (b)(5).

removal under the traditional standards for injunctive relief. It is the applicant seeking a stay of removal who bears the burden of demonstrating that he warrants such relief. See Douglas v. Ashcroft, 374 F.3d 230, 233 (3d Cir. 2004); see also Abbassi v. INS, 143 F.3d 513, 514 (9th Cir. 1998). Here, Pri-Har did not provide any argument or discussion in his motion which would establish a proper basis for a stay of removal. In fact, he does not state any basis why a stay is warranted. See Rec. Doc. No. 20, *generally*.

To prevail on a motion for a discretionary stay of deportation, an alien must demonstrate: "(1) a likelihood of success on the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest." Douglas, 374 F.3d at 233.

### A. Pri-Har Has Not Demonstrated a Likelihood of Success on the Merits of His Claim.

As discussed above, Pri-Har failed to demonstrate a likelihood of success on the merits of his motion. In fact, he does not even mention any alleged errors by the District Court in his motion. The District Court's thorough and detailed decision provides a proper basis for the dismissal of Pri-Har's Motion for a

Judgment Directing Specific Acts and is supported by Third Circuit precedent. Therefore, Pri-Har is unable to meet the requirement of a likelihood of success on appeal.

### B. Pri-Har Cannot Demonstrate That He Will Suffer Irreparable Harm.

In his Motion Pri-Har did not, because he cannot, state how he will suffer irreparable harm if removed from the United States. Deportation or removal is the statutorily-mandated consequence of the final administrative order of removal. Congress specifically intended that deportation was not to be construed as penalizing an alien. See Sen. Jud. Committee Rep. No. 104-249, at 7 (1996), available at 1996 WL 180026 ("Aliens who are required by law or the judgment of our courts to leave the United States are not thereby subjected to a penalty."). As such, removal alone cannot represent "the irreparable harm that a stay aims to prevent." See, e.g., Ignacio, 955 F.2d at 299 (denial of stay rendering appeal moot is not irreparable harm that stay aims to prevent). To find that removal from the United States in and of itself is sufficient proof of irreparable harm would allow every alien facing removal from the United States to satisfy the requisite showing, and, in the process, thwart congressional intent. See also Sen. Jud. Committee Rep. No. 104-249, at 7 ("The opportunity that U.S. immigration law extends to

aliens to enter and remain in this country is a privilege, not an entitlement."). Removal, therefore, cannot represent the irreparable harm that a stay aims to prevent, and cannot form the basis for a finding that the balance of hardships tips in Pri-Har's favor.

### C. Staying Pri-Har's Removal Will Not Serve the Public Interest and the Harm to the Government Outweighs Any Potential Harm to Pri-Har.

Pri-Har did not, because he cannot, state why staying his removal would serve the public interest. Indeed, staying Pri-Har's removal would negatively impact the public interest by delaying further a process that Congress sought, through a series of immigration reform legislation, to hasten. For example, the Illegal Immigration and Immigrant Reform Act of 1996 ("IIRIRA") eliminated the section of the INA that allowed an automatic stay of deportation on the filing of a petition for review. See IIRIRA § 309(c)(4)(F). By eliminating the automatic stay, Congress intended to streamline the removal process, prevent dilatory tactics, and promote the prompt removal of illegal aliens. See generally 136 Cong. Rec. H. 17117-18 (Milosevic's ed. Oct. 26, 1990) (Statement of Sen. Graham); see also Shaar v. INS, 141 F.3d 953, 955 (9th Cir. 1998) ("Congress desired to control the untoward delays which had developed in the immigration system, and to expedite proceedings to the extent reasonably possible."). Because the case before this

Court is not even a petition for review, in which Pri-Har would be seeking review of his final removal order, there is even less cause for concern that his removal would somehow thwart the public interest. To the contrary, staying Pri-Har's removal will frustrate the public's interest by delaying a process that Congress intended to be streamlined and expeditious.

Issuing a stay would harm the Government in the enforcement of the immigration laws and it is not in the public interest as "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature" and the "government's interest in efficient administration of immigration laws. . . is weighty." Landon v. Plasencia, 459 U.S. 21 (1982). As stated above, Pri-Har was convicted of an aggravated felony and there is considerable interest in the removal criminal aliens from the United States. Significant weight should be given to whether the public interest favors the granting of a stay of deportation. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Ignacio v. INS, 955 F.2d 295, 299 (5th Cir. 1992). Consequently, Pri-Har has failed to demonstrate the factors necessary to satisfy the requirements for a discretionary stay, and this Court should therefore deny his request.

## **Conclusion**

For the foregoing reasons, the Court should dismiss the motion to reconsider as untimely, or in the alternative, deny the motion on the merits.

                                         Respectfully submitted,

                                         THOMAS A. MARINO
                                         United States Attorney

29 March 2005                            s/ Daryl F. Bloom
                                         DARYL F. BLOOM
                                         Assistant United States Attorney
                                         Daryl.Bloom@usdoj.gov
                                         PA73820

                                         228 Walnut Street, Suite 220
                                         P.O. Box 11754
                                         Harrisburg, Pennsylvania 17108-1754
                                         Phone: (717) 221-4482
                                         Fax: (717)221-2246

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MENACHEM PRI-HAR, | : | |
| (A77 627 738) | : | |
| Petitioner, | : | Civil Action No. 1:CV-00-1635 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| JANET RENO, Attorney General | : | (Electronically Filed) |
| of the United States, | : | |
| CHARLES W. ZEMSKI, Acting | : | |
| District director, | : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Tuesday, March 29, 2005, he served a copy of the attached

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

<u>Addressee:</u>
Menachem Pri-Har
34446-054
McRae C.F.
1000 Jim Hammock drive
McRae, Georgia 31055

Dated:  March 29, 2005            s/ Daryl F. Bloom
                                  DARYL F. BLOOM
                                  Assistant United States Attorney