UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MENACHEM PRI-HAR,
    Petitioner,

-vs-

JANET RENO, Attorney
General of the United States, and
Charles W. Zemski, Acting
District Director,
    Respondents.

Civil No.: 1: CV-00-1635

(Judge Caldwell)



### PETITIONER'S REPLY-BRIEF IN THE RECONSIDERATION OF THE SECOND MOTION FOR JUDGMENT DIRECTING SPECIFIC ACTS

In this case, Petitioner Menachem Pri-Har (referred as "Petitioner") challenged the validity of the final administrative removal order issued by Respondents (referred herein as "ICE" or "Respondents") on various grounds.[1] The Court denied most of the grounds for relief but agreed that Petitioner is entitled to have the agency's consideration of waiver from removal under INA § 212(h), 8 U.S.C. §1182(h). *See Order filed on June 5, 2001.*

ICE received Petitioner's §212(h) application on February 10, 2004. On July 26, 2004, Petitioner filed a second motion for a judgment pursuant to Rule 70, Fed. R. Civ. P., stemming from the agency's inaction on the application. The Court denied this motion with the conclusion that "there is no evidence that Respondents have refused to entertain a properly filed request for waiver of removal under §212(h) as directed in our earlier order [.]" *Mem. filed on December 3, 2004, Pg. 6.*

---

[1] ICE had utilized the authority vested in 8 U.S.C. §1228 (b) for the order.

-2-

On December 15, 2004, Petitioner forwarded a motion for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., which provides conclusive evidence coming from the Federal Bureau of Prisons, indicating that ICE has scheduled Petitioner's removal on or about June 20, 2005, without prior consideration of his properly filed request for waiver under §212(h). The Court directed the Respondents to submit a brief on the issues of (1) whether Petitioner is entitled to the consideration of §212(h) waiver when he is under §1228(b) removal order; and (2) whether Petitioner's removal should be stayed until determination on his request for §212(h) waiver. *See Order filed on March 9, 2005.*

On April 4, 2005, Petitioner received the Respondents' response to the order. In the response, the agency contends that Petitioner is statutorily ineligible for relief under §212(h) waiver and a stay from deportation does not meet standards for "injunctive relief". For the foregoing reasons the Court should reject the response and direct the stay from deportation:[2]

(1) One of the issues raised in the petition was ICE's refusal to consider a §212(h) waiver in the removal proceeding under §1228(b), INA §238(b). The Court concluded that Petitioner is entitled to consideration for the waiver. *See Mem. filed on June 5, 2001, Pg. 14 and Order.* The agency is therefore barred by *res judicata* from re-litigation on the issue.

---

[2] ICE also argued that reconsideration is untimely and does not meet the standards of the motion. *Gov't Resp. at 5-6.* The certificate of service, however, indicates that the motion for reconsideration was forwarded on December 15, 2004, a date which meets the ten-day limit of Rule 59(e) under the standards set in Rule 6(a), Fed. R. Civ. P., and considered as filed on that date under the prison's "mailbox rule". *See* United States v. Fiorelli, 337 F. 3d 282, 289-90 (3rd Cir. 2003). The reconsideration is correspondent to the Court's demand for evidence upon which it can be shown that the agency has actually refused to comply with the order to entertain Petitioner's pending §212(h) application. *See Mem. filed on December 3, 2004, Pg. 6.*

-3-

(2) Furthermore, contrary to their current position, Respondents had notified the Court that they have "no opposition" to allow additional time for Petitioner to file a §212(h) waiver. *See Respondents' Response, dated June 25, 2001, attached as Exhibit herewith.*

(3) ICE's refusal to consider a §212(h) waiver at the §1228 (b) proceeding is also contrary to law where, as here, Petitioner entered lawfully to the country not as a permanent resident, and the purported crimes[3] for which he was convicted here does not bar relief under §212(h). *See* <u>Hypolite v. Blackman</u>, 57 F. Supp. 2d 128, 136 (M.D. Pa 1999)(Caldwell, J.) (noting the BIA holding that a lawfully non-permanent resident alien entitles to seek §1182 wavier).

(4) Respondents' reliance on the factors for injunctive relief, as the basis to deny a stay from deportation is inapplicable here. At issue here is the agency's *refusal* to honor the Court's June 5, 2001 Order, as opposed to a *per se* injunction from the deportation.

(5) In the December 3, 2004 memorandum the Court indicated that "the only relief this Court can afford Pri-Har with respect to his application [for §212(h) waiver] is to see that it is properly considered by ICE, as originally specified in [the Court's] June 2001 order." *Mem. at 6*. ICE's response is a further evidence to show that the agency will not consider, on the merits, Petitioner's application for §212(h) waiver.

---

[3] Although the so-called "victims" in the criminal case (referred herein as "the banks") had sought a civil judgment from the District Court of Tel-Aviv, Israel, on the matters of the criminal case, the action was dismissed. Now the banks are facing charges concerning their conspiracy with the prosecution to fabricate the conviction which brought them profits in the staggering amount of approximately $90 million.

-4-

**WHEREFORE,** it is requested that the Court shall stay Petitioner's removal ending consideration on his pending §212(h) application.

Dated: McRae, Georgia
April 7, 2005

Respectfully submitted,

Menachem Pri-Har, *pro se*
#34446-054
McRae C. F.
1000 Jim Hammock Dr.
McRae, GA 31055

**PET. EX.**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MENACHEM PRI-HAR,<br>     Petitioner<br><br>     v.<br><br>JANET RENO, Attorney General<br>of the United States,<br>CHARLES W. ZEMSKI,<br>Acting District Director,<br>     Respondents | CIVIL NO.  1:CV-00-1635<br>(Caldwell, J.) |

FILED
HARRISBURG
JUN 2 5 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

RESPONDENTS' RESPONSE
TO PETITIONER'S MOTION TO AMEND ORDER

Petitioner has filed a motion requesting that the Court amend its Order dated June 5, 2001 to permit him to extend by five months the deadline by which he must file an application for a § 212(h) waiver with the Immigration and Naturalization Service. Respondents take no position on whether Petitioner's request is appropriately made in the context of a Rule 59(e) motion, but notify the Court that they have no opposition to Petitioner being allowed an additional five months to file a § 212(h) waiver.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

DULCE DONOVAN
Assistant U.S. Attorney
Federal Building
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108

Dated: June 2⁄, 2001

## CERTIFICATE OF SERVICE

I hereby certify that today I served a copy of the foregoing reply-brief, by mailing same by first class mail to:

>AUSA Daryl F. Bloom
>U. S. Attorney's Office
>P. O. Box 11754
>Harrisburg, PA 17108-1754

Dated: McRae, Georgia
April 7, 2005

_____
MENACHEM PRI-HAR

