```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MENACHEM PRI-HAR,                    :
      Petitioner
                                     :

      vs.                            :   CIVIL ACTION NO. 1:CV-00-1635

JANET RENO, Attorney General         :
of the United States,
CHARLES W. ZEMSKI,                   :
Acting District Director,
      Respondents                    :


*M E M O R A N D U M*


I.   *Introduction*.

      The pro se petitioner, Menachem Pri-Har, has filed a timely motion to alter or amend our order of December 3, 2004, denying his Second Motion for a Judgment Directing Specific Acts, filed under Fed. R. Civ. P. 70.  That motion requested that some impartial third party decide Petitioner's application for waiver of removal under 8 U.S.C. § 1182(h), INA § 212(h).  By memorandum and order of June 5, 2001, we had ordered the INS (now ICE) to consider that application, which was filed some two years after our order, on or about July 21, 2003.

      We will deny the motion to alter or amend because, as the government points out, Pri-Har, as an alien who is not a permanent resident, was placed in expedited removal proceedings, and therefore has no right to seek 212(h) discretionary relief.

II.     *Background*.

Pri-Har is a citizen of Israel who entered the United States as a nonimmigrant in March 1993. According to him, he entered under "a special business visa." As noted, he is not a permanent resident alien.

In October 1993, he was indicted in the United States District Court for the Southern District of New York on twenty-four counts of defrauding the United States Department of Agriculture. A jury found him guilty on all counts and he was sentenced to 168 months' imprisonment (fourteen years). *See Pri-Har v. United States*, 83 F. Supp. 2d 393 (S.D.N.Y. 2000) (addressing Pri-Har's 28 U.S.C. § 2255 motion).

Pri-Har was placed in expedited removal proceedings under 8 U.S.C. § 1228(b), INA § 238, which generally govern removal of aliens who are not permanent residents. Based on his criminal convictions, he was found to have committed an aggravated felony making him removable, and a final administrative order of removal was issued, ordering his deportation to Israel.

In September 2000, Pri-Har filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Among other grounds, the petition asserted that the agency should have considered his request for a waiver of deportation under section

2

212(h). We denied other relief but granted the request that an application for section 212(h) relief be considered. We did so because the government's sole ground for resisting the request was an argument that section 212(h) had been amended to bar relief for all aggravated felons. We pointed out that the amendment barred relief only for permanent resident aliens, and Pri-Har was not a permanent resident alien. We therefore concluded that "to the extent the INS denied relief based on the amendment, we will require it to consider Pri-Har's request for a section 212(h) waiver." (Doc. 11, June 5, 2001, memorandum at p. 14). The order accompanying the memorandum ordered the INS to "entertain a request by Petitioner for a waiver of ineligibility or admission under 8 U.S.C. § 1182(h), INA § 212(h)."

On December 24, 2003, Pri-Har filed his first motion for a judgment directing specific acts, which also sought some third party to consider the application, complaining that the agency was not considering his July 2003 request for waiver. In denying that motion, we noted:

> Our order did not require the agency to consider the 212(h) waiver application outside the normal process. It also did not require AUSA Bloom to assist Petitioner in any way. It merely required the agency to consider Petitioner's application, which, absent any specific instructions in the order, should have been understood to mean

3

> an application filed through the routine procedures.

(Doc. 16, memorandum at p. 5).

Petitioner then filed his second motion for a judgment directing specific acts which has led to his current motion to alter or amend. In addition to an order requiring a third party to consider his application section 212(h), he seeks a stay of removal while the application is pending. According to Petitioner, his sentence expires on June 20, 2005, and he will be deported on that date or shortly thereafter.

III. *Discussion*.

We will deny the motion to alter or amend. Consequently, we will not grant a stay of removal because Petitioner has no likelihood of success on the merits. *See Kahn v. Elwood*, 232 F. Supp. 2d 344, 349 (M.D. Pa. 2002). We agree with the government that Petitioner is not entitled to section 212(h) relief because he was placed in expedited removal proceedings under 8 U.S.C. § 1228(b), INA § 238. An alien placed in such proceedings is not statutorily eligible for a section 212(h) waiver. See 8 U.S.C. § 1228(b)(5); *United States v. Arrieta*, 224 F.3d 1076, 1080 (9th Cir. 2000).

We reject Petitioner's position that our order of June 5, 2001, requiring the government to consider his 212(h)

4

application is res judicata and precludes the government from making its current argument.  As noted, the June 5 order granted relief only in response to the government's mistaken argument that the amended section 212(h) barred relief for all aggravated felons, not just permanent resident aliens.  Our reasoning was narrow, that the application could not be rejected on that basis, and our order left open other grounds for rejecting it.  The government was only required to consider the application in the normal course.

     We will issue an appropriate order.

                               /s/William W. Caldwell
                               William W. Caldwell
                               United States District Judge

Date: May 6, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MENACHEM PRI-HAR,               :
          Petitioner
                                :

          vs.                   :  CIVIL ACTION NO. 1:CV-00-1635

JANET RENO, Attorney General    :
of the United States,
CHARLES W. ZEMSKI,              :
Acting District Director,
          Respondents           :
```

O R D E R

AND NOW, this 6th day of May, 2005, it is ordered that Petitioner's motion to alter or amend (doc. 20) our order of December 3, 2004, denying his Second Motion for a Judgment Directing Specific Acts, is denied.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge