NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2635

MENACHEM PRI-HAR,
Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES;
CHARLES W. ZEMSKI, Acting District Director

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01635)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2005

BEFORE: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: January 5, 2006)

OPINION

PER CURIAM

Menachem Pri-Har appeals the District Court's order denying his second motion for judgment directing specific acts pursuant to Fed. R. Civ. P. 70. We will affirm.

Pri-Har, a native and citizen of Israel, entered the United States in 1993 as a non-immigrant. In January 1994, Pri-Har was convicted by a jury of fraudulently obtaining

more than $84 million in loans and U.S. government subsidies by submitting false documents and statements to several banks and the U.S. Department of Agriculture. In May 2000, the Immigration and Naturalization Service ("INS") initiated expedited removal proceedings against Pri-Har, pursuant to Immigration and Nationality Act ("INA") § 238 [8 U.S.C. § 1228], by issuing a Notice of Intent to Issue a Final Administrative Removal Order, which charged him with being deportable under INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)] because he had committed an aggravated felony as defined in INA §§ 101(a)(43)(M) and 101(a)(43)(U) [8 U.S.C. §§ 1101(a)(43)(M) and 1101(a)(43)(U)]. The INS issued the Final Administrative order on August 10, 2000, finding that Pri-Har was not a citizen or national of the United States, was not lawfully admitted for permanent residence, had been convicted of an aggravated felony, and was ineligible for a waiver of inadmissibility under INA § 212(c)[1] [8 U.S.C. § 1182(c)].

    In September 2000, Pri-Har filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Pri-Har argued, inter alia, that he was eligible for relief pursuant to INA § 212(c) and § 212(h) [8 U.S.C. § 1182(h)]. On June 5, 2001, the District Court denied the petition, but directed the INS to "entertain a request by Petitioner for a waiver of inadmissibility or admission under 8 U.S.C. § 1182(h), INA § 212(h)."

---

[1] Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

In December 2003, Pri-Har filed a motion pursuant to Fed. R. Civ. P. 70, alleging that the Bureau of Immigration and Customs Enforcement ("ICE")[2] had not adjudicated his § 212(h) application as directed, and requested that the District Court, or an impartial third party, determine whether the waiver should be granted. The District Court denied the motion, finding that ICE's inaction on Pri-Har's § 212(h) waiver application did not violate the June 5, 2001, order because the application had not been properly filed. In particular, the District Court noted that Pri-Har's application was not presented on the appropriate form, had not been submitted to the immigration court having jurisdiction over his case, and did not include the filing fee.

Undeterred, Pri-Har filed a second Rule 70 motion in July 2004. He claimed that in February 2004 he had properly submitted a § 212(h) application on the appropriate form and with the requisite filing fee, but that ICE had not acknowledged or acted upon it. On December 3, 2004, the District Court denied the motion, concluding that ICE's inaction did not signify its unwillingness or refusal to review Pri-Har's case. The District Court emphasized that its June 5, 2001, order did not require that ICE expedite consideration of the § 212(h) waiver application, and noted that Pri-Har had not provided information indicating that the response time for his application was out of the ordinary.

Pri-Har then filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which was dated December 15, 2004. The District Court ordered ICE to address, inter

---

[2] On March 1, 2003, the INS's functions were transferred to the Bureau of Immigration and Customs Enforcement ("ICE") and the U.S. Customs and Immigration Service ("USCIS") of the United States Department of Homeland Security (DHS). See Knapik v. Ashcroft, 384 F.3d 84, 86 n.2 (3d Cir. 2004).

alia, whether Pri-Har "is entitled to seek section 212(h) relief since he was ordered removed in an expedited removal proceeding under 8 U.S.C. § 1228(b), INA § 238." After both parties responded, the District Court, by order entered May 6, 2005, denied the reconsideration motion on the basis that aliens, like Pri-Har, ordered removed on an expedited basis under INA § 238 are not eligible for discretionary relief from removal, including a § 212(h) waiver.[3]  See INA § 238 (b)(5) [8 U.S.C. § 1228(b)(5)].  Pri-har timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291,[4] and review for abuse of discretion the District Court's denial of relief under Rule 70.[5]  See Gates v. Collier, 616 F.2d 1268, 1271 (5th Cir. 1980).

Pri-Har argues that the District Court abused its discretion in denying his Rule 70 motion because ICE "refused to comply with the order" to entertain his § 212(h) application.  Appellant's Brief, 4.  Rule 70 states in pertinent part:

---

[3] The District Court also denied Pri-Har's request for a stay of removal.  Pri-Har does not contest that ruling, nor has he filed a separate stay motion in this Court.

[4] Because Pri-Har is not seeking review of a final order of removal, but rather of the denial of his Rule 70 motion, the jurisdictional provisions of the Real Id Act of 2005 do not apply.

[5] The Appellees argue that we have appellate jurisdiction to review only the District Court's May 6, 2005, order denying Pri-Har's reconsideration motion.  See Appellees' Brief, 13.  Upon examination of the record, however, we conclude that Pri-Har timely filed his Rule 59(e) motion, thus preserving for review the District Court's December 3, 2004, order denying Pri-Har's second Rule 70 motion.  Pri-Har had 10 days, or until December 17, 2004, to file a timely motion to reconsider the December 3, 2004, order. See Fed. R. Civ. P. 6; Fed. R. App. P. 4(a)(4).  Pri-Har, who is in prison, dated his motion on December 15, 2004.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

> If a judgment directs a party to . . . perform any . . . specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person . . .

Fed. R. Civ. P. 70. Pri-Har claimed that he submitted a proper § 212(h) application in February 2004, and that ICE has refused to acknowledge or review his case. The District Court accurately concluded, however, that no evidence supports a finding that ICE failed to comply with the District Court's June 5, 2001, order. That order simply directed ICE to "entertain a request by Petitioner for a waiver of inadmissibility or admission under 8 U.S.C. § 1182(h), INA § 212(h)." Importantly, it did not direct that ICE consider the application within a specified time, on an expedited basis, or outside its normal review process. Under these circumstances, we cannot say that the District Court abused its discretion in denying the Rule 70 motion.

We also conclude that the District Court properly denied Pri-Har's motion for reconsideration because he is statutorily ineligible for a § 212(h) wavier.[6] Aliens "not lawfully admitted for permanent residence" who commit certain aggravated felonies are subject to expedited removal procedures. See INA § 238(b); see also Bamba v. Riley, 366 F.3d 195, 200 (3d Cir. 2004) (holding that § 238(b) applies to aliens convicted of an

---

[6] Pri-Har argues that the District Court violated the "law of the case doctrine" by relying on a "new theory" – his ineligibility for § 212(h) relief – to deny his reconsideration motion without providing him an "opportunity to challenge the administrative removal order." Appellant's Brief, 5-6. However, in raising the § 212(c) eligibility issue, the District Court provided both parties with an opportunity to be heard. Cf. Fed. R. Civ. P. 59(d) (providing that the District Court may, after giving the parties notice and an opportunity to be heard, grant a timely motion for a new trial for a reason not stated in the motion). Indeed, Pri-Har failed to respond to ICE's argument, raised in its opposition to Pri-Har's motion for reconsideration, that he was not statutorily eligible for a § 212(h) waiver.

aggravated felony who are not lawfully admitted for permanent residence). Pri-Har concedes that he "is lawfully in the country, but not as a permanent resident alien." Appellant's Brief, 6. In addition, because Pri-Har's fraud convictions qualify as aggravated felonies, see INA § 101(a)(43)(M)(i), they serve as a basis for expedited removal proceedings under § 238(b). An alien in expedited removal proceedings is not eligible to apply for discretionary relief. See INA § 238(b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."). Accordingly, because Pri-Har is subject to administrative removal proceedings, he is barred from receiving a § 212(h) waiver of removal, which is a discretionary form of relief. See Bonhometre v. Gonzales 414 F.3d 442, 449 (3d Cir. 2005) (noting that "[p]rior to its repeal, section 212(h) gave the Attorney General discretion to waive an alien's deportation . . .").

    For the reasons given, we will affirm the judgment of the District Court.